[Civ. No. 9032. Second Appellate District, Division Two.—January 4, 1935.]

SAMUEL G. COPE, Appellant, v. R. E. STECKEL et al., Respondents.

Paul Taylor for Petitioner.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Arthur Loveland, Deputy City Attorney, for Respondents.

SCOTT, J., *pro tem.*—Petitioner sought a writ of mandate in the superior court to compel respondents to reinstate him as police officer and pay his salary since date of removal. The trial court found against petitioner and from such adverse judgment he appeals.

March 21, 1931, petitioner was charged with one count of rape and three counts of violation of Penal Code, section 288. March 26, 1931, he was served with notice of suspension. The charge of rape was dismissed and petitioner was acquitted on the other counts. After conclusion of the criminal case, on August 26, 1931, he was served with notice of dismissal, from which he appealed and requested appointment of a board of inquiry under section 202 of the charter of defendant city. August 29, 1931, petitioner was served with complaint made against him by the acting chief of police setting out the said criminal charges and alleging conduct unbecoming an officer, showing his morals were questionable and alleging that he was not a fit and proper person to be a police officer. September 3, 1931, a hearing was conducted by said board of inquiry at the conclusion of which said board found petitioner guilty of the charges,

certified its findings to chief of police and recommended that petitioner be dismissed. On September 8, 1931, the chief of police, after considering the decision and recommendation of said board, affirmed his former order of removal, notice of such affirmation being served on petitioner September 15, 1931. Two days later, September 17th, petitioner appealed to defendant board of police commissioners from said order. of affirmation and on October 13, 1931, the board confirmed the order of the chief of police and recommendations of said board of inquiry. December 1, 1931, petitioner filed claim for salary alleged to have accrued since date of first suspension, and January 25, 1932, filed petition for writ of mandate herein in the lower court.

■ Appellant first contends that the police board of inquiry erred in refusing to admit in evidence at the hearing before it the transcripts of the preliminary examination and trial of appellant on the felony charges. He does not assert that testimony of any witness produced on his behalf was excluded, nor does it appear from his brief what evidence was thus omitted or in what manner it would be material.

■ It is not suggested that said board was unaware of appellant's acquittal; but even if these transcripts were offered for the purpose of establishing such fact, they would not be binding upon the board with regard to its conclusion at the hearing which it was then conducting. (*Tapley* v. *Abbott,* 111 Cal. App. 397 [295 Pac. 911].)

■ Appellant next asserts that the chief of police failed to affirm the board's action within the five days provided by section 202 of the charter. The record above cited clearly negatives this suggestion.

■ The final point on appeal is "refusal of the Los Angeles city police commission to hear appellant's appeal from said dismissal". The cited section of the charter provides for such a "review of the entire proceedings upon the records" and the filing of a written decision of the said board within thirty days of filing of such application. As above noted, appellant filed his appeal, which was heard and determined by the board on the record, as contemplated by the charter, without the necessity of their considering any new evidence; and their decision was timely.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 25, 1935, and the following opinion then rendered thereon:

THE COURT.—Appellant petitions for a rehearing setting forth that a brief on behalf of respondents was filed by permission after the case was submitted and presenting argument and authorities which he contends should be considered as affecting our determination of this appeal. We have considered the points urged and cases cited and are of the opinion that they do not support any view other than that already expressed, and that our decision on rehearing would be that already expressed.

The petition for rehearing is therefore denied.