In the Matter of the Application of John M. Kelly, Petitioner, for an Order against William F. Morgan, Jr., Respondent.*

Supreme Court, Special Term, New York County, August 20, 1938.

---

* Affd., 256 App. Div. 814.

*Albert B. Breslow,* for the petitioner.

*William C. Chanler, Corporation Counsel* [*Nicholas Bucci* of counsel], for the respondent.

COTILLO, J. In this application for an order compelling the respondent Morgan to reinstate the petitioner to his former position in the department of public markets it appears that the petitioner was dismissed on February 27, 1934, after eighteen years of service, for the rather trivial offense of being less than two hours late on one occasion and for failing to report such tardiness. He sought and obtained a judicial review of such dismissal by mandamus, and after a trial had before a justice of this court and a jury an order was made directing his reinstatement. Such order was subsequently reversed on the ground that the issues of fact tried out before the commissioner, and the latter's decision thereon, could not be retried before a jury and a contrary result reached thereon. Final decision in that matter was made by the Court of Appeals in December, 1936 (*Kelly* v. *Morgan,* 272 N. Y. 666).

In December, 1937, petitioner applied to the defendant commissioner for a further opportunity to make explanation of the charges upon which he had been tried and removed. Such application was granted pursuant to the charter, upon condition that petitioner file the requisite waiver of back salary, which condition was duly complied with. On January 25 and 26, 1938, hearings were had before the respondent commissioner, who then stated he was satisfied with the petitioner's explanation and that petitioner was entitled to reinstatement. He later stated, in writing, that from the evidence adduced upon the rehearing he was convinced that he had committed an injustice in dismissing petitioner. The sole reason such reinstatement was not then and there ordered by respondent was that the mayor of the city forbade it. Petitioner thereupon instituted this proceeding, his petition setting forth the

foregoing facts. Prior to answering, a motion was made on behalf of the respondents for the dismissal of the proceeding on the grounds that the consent of the mayor to reinstatement is required by statute, and that petitioner had failed to comply with other statutory regulations governing applications for a rehearing. The motion was denied, with leave to respondents to answer. Such answer has now been filed, and the matter is before me for determination.

The answer raises issues of law only, the facts above stated being established by failure to deny the allegations of the petition or by indisputable documentary proof. Respondents allege, by way of affirmative defense, that the consent of the mayor is prerequisite to reinstatement by a commissioner of a city employee removed by such commissioner's predecessor in office. As previously held in this matter, the charter provision relied upon merely prevents one commissioner from reinstating an employee removed by someone else, namely, the person who preceded him in office, under reappointment. He is convinced that he committed a grave injustice in removing petitioner. The charter provision has been distorted and stretched to absurd limits to prevent the correction of a conceded injustice. The answer interposed by the commissioner admits he is now convinced that his action was unjust, but alleges that in view of the disapproval of the mayor, " and in pursuance of a policy of harmony in the Mayor's official cabinet," he has decided not to reinstate petitioner. This pitiful excuse is a flat admission of a most flagrant abuse of the discretion vested solely in the commissioner, and not in the mayor's cabinet or in any other city official. Such obvious abuse may be remedied by the courts.

After granting the application for a further hearing, holding such rehearing on two separate days, and conceding that the prior decision was erroneous and unjust, the commissioner now asserts that petitioner's application for such rehearing was not timely made. It was made a year after the determination of the litigation resulting in petitioner's removal, and hence well within the statutory two-year period. (Greater N. Y. Charter, § 1543-b.)

It is conceded that petitioner was unjustly dismissed from service and on the facts is entitled to reinstatement. Such relief has been denied him by the commissioner for wholly inadequate reasons, and the injustice done petitioner is here sought to be perpetrated by interposing highly technical objections, all of which are devoid of merit. The courts ordinarily are reluctant to interfere with the conduct of municipal affairs, but cannot sit by and permit an arbitrary abuse of discretion to deprive an unjustly dismissed employee of his rights.

Motion granted. Settle order on notice.