[Civ. No. 16311.   Second Dist., Div. One.   Jan. 29, 1948.]

HEBER A. SKAGGS, Petitioner, v. C. B. HORRALL, as Chief of Police, etc., et al., Respondents.

Morris Lavine for Petitioner.

Ray L. Chesebro, City Attorney (Los Angeles), Bourke Jones, Assistant City Attorney, and George W. Adams, Deputy City Attorney, for Respondents.

THE COURT.— Subdivision 16 of section 202, article XIX, of the charter of the city of Los Angeles provides that when a request "to be reheard" has been filed by a police officer who has been removed from the police department after hearing before a board of rights, "The Chief of Police must consider and decide upon such request . . .," and that "If good reason or cause appears therefor, the Chief of Police must, without unnecessary delay, cause a Board of Rights to be constituted . . . for the purpose of hearing and deciding upon the matter."

Petitioner was dismissed following a hearing before the board of rights after his conviction in the superior court of the crime of bribery. Subsequently the conviction was reversed. Following a retrial petitioner was found not guilty.

We are satisfied that in the absence of a showing of oppression, fraud or bad faith on the part of the chief of police, his determination as to whether or not a discharged police officer's request "to be reheard" shall be granted is limited only by the terms of the charter. There is no such showing here.

The fact that petitioner was subsequently acquitted of the criminal charge is not binding on the chief of police with regard to his determination as to whether "good cause" exists for reconvening a board of rights.

As was said in *Kavanaugh* v. *Paull*, 55 R.I. 41 [177 A. 352], "The superior court in trying a man on a charge of violation of the criminal law and the town council of Bristol

in deciding whether the same man is qualified to be the chief of police of the town are separate and independent tribunals moving in distinct spheres and are governed by different considerations and very different rules as to the necessary degree of proof required for a finding by the one tribunal of guilty or not guilty and a finding by the other tribunal of unfitness or fitness. The purpose of the former proceeding is the punishment of crime and of the latter the maintenance of the morale and efficiency of the police force and its good repute in the community. Therefore the fact that a jury has acquitted a man of a criminal charge does not prevent the council from finding such misconduct on his part as in its judgment disqualifies him for the office which he holds, even though the same conduct by him is involved in both cases.''

See also *Ludolph* v. *Board of Police Commissioners*, 30 Cal.App.2d 211, 217, 218 [86 P.2d 118].

Although the chief of police was advised of petitioner's acquittal, such fact was not binding upon him in determining whether ''good cause'' existed for ordering a rehearing. (*Cope* v. *Steckel*, 3 Cal.App.2d 492, 494 [39 P.2d 482, 40 P.2d 901].)

The foregoing conclusion at which we have arrived renders it unnecessary to pass upon respondents' claim that petitioner's request for reinstatement is barred by his failure to file a demand therefor pursuant to section 112½ of the Los Angeles City Charter.

The petition for rehearing is denied.

York, P. J., did not participate in the hearing or rehearing of the petition.

Petitioner's application for a hearing by the Supreme Court was denied March 4, 1948. Carter, J., voted for a hearing.