[Crim. No. 3003. First Dist., Div. Two. Mar. 21, 1955.]

THE PEOPLE, Respondent, v. JOSEPH R. LAZZARA, Appellant.

P. W. Fisher, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

NOURSE, P. J.—The defendant and appellant was tried to a jury on four counts charging a violation of section 11500 of the Health and Safety Code—the sale of heroin. On a separate indictment he was tried on a charge of conspiracy to violate the same code section. He was found guilty under counts one, three and four; not guilty under count two, and guilty of the conspiracy charge. He was given concurrent sentences under counts one and three; a consecutive sentence under count four, and a consecutive sentence on the conspiracy charge. He appeals from the judgment and from the order denying a new trial. On the appeal he is now represented by counsel assigned by this court on defendant's request. The appeal is ably presented, but counsel's task is a hopeless one.

A brief statement of the facts is sufficient as there is no material conflict in the evidence. Three federal officers engaged one Jim Black—referred to throughout by the prosecution as the "special employee," but identified by defendant as "Jim Black," a former peddler or user of narcotics. The officers gave Black $500 in marked currency, then trailed him until he met defendant. Thereafter they found a quantity of heroin in Black's possession; some of the marked currency in defendant's possession, some in the possession of his coconspirator, Cherrito, who pleaded guilty.

█ The first ground urged by appellant is that it was error to sustain the prosecution's objections to the questions concerning the name, whereabouts, and character of the mysterious "special employee." Even if the ruling were error it could not have been prejudicial under the special circumstances of this case since the appellant, as a witness, voluntarily disclosed that he knew this "special employee" and that his name was Jim Black.

█ The evidence of conspiracy was sufficient. Before the sale was consummated appellant drove the special agent twice around the block in the vicinity of Cherrito's home, then let the agent out of the car and drove around the block, stopping in front of Cherrito's home. A man identified as looking like Cherrito was seen standing in his doorway. After the heroin was turned over to the special agent and the marked money given to the appellant they separated. Shortly thereafter, during the arrest of Cherrito, four $20 bills were found on Cherrito, all identified as part of the marked currency originally given by the federal officials to Jim Black and by him given to appellant. There is no good purpose in laboring the question further.

 There is not much to say about appellant's final ground —that the consecutive sentences imposed were a breach of discretion. Appellant points out that the four sentences total a period of confinement of eighteen years. When we take into consideration the several previous convictions for dealing in narcotics, together with a previous conviction of manslaughter, we cannot say that these sentences show a breach of discretion.

Judgment and order affirmed.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied April 5, 1955, and the following opinion was then rendered:

THE COURT.—Appellant's main criticism goes to the failure of the prosecution to disclose these facts relating to the special employee. However in none of the objections noted by him does it appear that he was without this knowledge that he planned to call Jim Black as a witness or that he was unable to locate him. The failure to disclose any of these facts was not objected to on the ground that defendant was not fully aware of all the circumstances and it does not appear that such disclosure would have been of any benefit to him in any manner whatsoever.

We hold therefore that if any error was committed it was not prejudicial.

Appellant's petition for a hearing by the Supreme Court was denied April 20, 1955.