HORTON, Judge.
The appellant was the relator and the appellees were the respondents in the court below.
This is an appeal from an order quashing an alternative writ of mandamus. The relator had moved for a peremptory writ notwithstanding the return. The trial judge quashed the alternative writ, finding that the matters contained in the petition and alternative writ of mandamus were res judicata .and that the relator had been guilty of laches in not timely seeking relief. At oral argument, this court authorized the filing of supplemental briefs on the question of whether or not the order appealed was final and subject to review. This point has since been decided by this *621 court in State ex rel. Ware v. City of Miami, Fla.App.1958, 107 So.2d 387, wherein it was held that a ruling upon a motion for the entry of a peremptory writ notwithstanding the return contemplates a final order, and an order thereon quashing the alternative writ is reviewable by direct appeal.
The relator wp.s a police officer of the City of Miami. Certain charges of misconduct were preferred against him and after a hearing conducted by the Civil Service Board upon these charges, he was, on September 12, 1955, dismissed from the service. Contemporaneously with the filing of charges of misconduct and the Civil Service Board’s hearing thereon, the relator was under criminal charges involving facts similar to those heard before the Civil Service Board. A nolle pros of the criminal charges was entered on July 10, 1956. The relator’s first action seeking reinstatement was filed November 27, 1956 and was apparently abandoned after the entry of the order of December 12, 1956 granting the motion to quash the alternative writ of mandamus. The present action (second) for reinstatement was instituted June 11, 1957, more than six months after the institution of his first action and nearly 21 months after his dismissal.
In the present action, the relator sought to excuse his inaction in seeking reinstatement by the allegation that he was under criminal charges from July 1, 1955 until July 10, 1956. However, no good cause has been alleged or shown as to the reason for the lapse of time between the abandonment of the first action and the institution of the present action.
The respondents alleged that during the interval they were left no choice but to fill the vacancy created by the relator’s dismissal, and by his inactivity they may be placed in the position of paying salaries to two officers for the same service.
We conclude, as did the trial judge, that the failure on the part of the relator to promptly pursue appropriate action for reinstatement in the absence of any reasonable or adequate explanation, constituted laches and inequitable conduct that would bar relief. Renshaw v. State ex rel. Hickland, 149 Fla. 342, 5 So.2d 700; Ladas v. Titus, Fla.1951, 53 So.2d 323.
Inasmuch as we concur with the trial judge's conclusion that the relator’s failure to seek reinstatement promptly constituted laches and a bar to relief, we see no purpose in discussing the question of whether or not the prior action constituted res judicata of the present action.
Accordingly, the order appealed from is affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.