[Civ. No. 6176.   Fourth Dist.   July 18, 1960.]

WILLIAM D. BARR, Appellant, v. THE CITY OF SAN
DIEGO et al., Respondents.

David H. R. Pain for Appellant.

J. F. DuPaul, City Attorney, and Frederick B. Holoboff,
Chief Deputy City Attorney, for Respondents.

GRIFFIN, P. J.—In his petition for writ of mandate
against defendants and respondents city of San Diego, mem-
bers and directors of its civil service commission and Chief of
Police A. E. Jansen, plaintiff and appellant alleges generally
that for 14 years he was a police officer in the city of San
Diego under classified civil service; that on September 9,
1956, a quantity of marijuana was found in plaintiff's posses-
sion and on said date he was suspended from his position and
placed in jail; that thereafter on September 12, 1956, he
received a copy of a letter sent by said defendant chief of
police to the civil service commission informing the commis-
sion that plaintiff had been discharged from the department
as of September 10, 1956, because when he was arrested by

officers of the department there was found a quantity of marijuana in his possession; that plaintiff would be charged with such offense and prosecuted in the state courts and that plaintiff was given the opportunity to resign from the department but declined to do so.

It is then alleged that plaintiff demanded a hearing within five days, as required by section 23.1204, San Diego Municipal Code, but due to certain representations made by the personnel director he did not assert his rights at that time; that he was brought to trial in the superior court on a criminal charge of illegal possession of marijuana; that a mistrial resulted at the first trial of the case; that the jury disagreed at a second trial and that he was acquitted on a third trial; that he sought a hearing for reinstatement before the civil service commission and it refused such hearing because a proper and timely demand had not been made within the prescribed period; that, as a result of mandamus proceedings in the superior court, the commission was ordered to hold such hearing and that such hearing be limited to the charges contained in the letter from the chief of police to the civil service commission. Pursuant to this writ, a hearing was had and the civil service commission entered its findings of fact and decision that plaintiff was in unlawful and improper possession of marijuana on the date alleged and concluded that plaintiff had been guilty of conduct unbecoming an officer or employee of the city. It affirmed the actions of the chief of police in discharging plaintiff.

Plaintiff claimed before the trial court on the hearing of this writ of mandate to restore plaintiff to his former position, with back pay, that he was not afforded a full and fair hearing before said commission; that it had exceeded its jurisdiction; that the hearing was not held as prescribed by law; and that the commission had acted arbitrarily and abused its discretion. It is here argued that the evidence produced at said hearing before the commission was insufficient and obtained by illegal search and seizure and that plaintiff was prejudiced in his defense by refusal of the police department and the commission to reveal the identity of a claimed "informer." (Citing such authority as *Roviaro* v. *United States,* 353 U.S. 53 [77 S.Ct. 623, 1 L.Ed.2d 639]; *Portomene* v. *United States,* 221 F.2d 582; *Sorrentino* v. *United States,* 163 F.2d 627; *United States* v. *Conforti,* 200 F.2d 365, and *People* v. *McShann,* 50 Cal.2d 802 [330 P.2d 33].)

It is also argued by plaintiff that the commission went

beyond the scope of the nature of the charge set forth in the letter from the chief of police to the commission and that the commission disregarded the verdict of the jury in determining the question of possession of marijuana by plaintiff.

Defendants, by way of answer, deny generally these allegations and allege that plaintiff was guilty of laches in bringing this action; that the civil service commission held a full and fair hearing and plaintiff was present and represented by counsel. A transcript of all the proceedings had before said commission has been furnished for examination by this court. These were the general issues presented in a joint pretrial statement:

The facts of the case indicate that in August 1956, acting upon information received from a reliable confidential informant, the police department instituted an investigation of the plaintiff by maintaining a surveillance of his comings and goings during his off-duty hours. The surveillance consisted of observing his home at 1720 Frankfort Street and an address in the 3200 block on Hugo Street in the city of San Diego. During the early morning hours of September 9, 1956, plaintiff was observed driving an automobile between his home and the Hugo Street address. During the course of this surveillance he was observed looking inside an automobile parked at the curb at the Hugo Street address. Thereafter, during the early evening hours of the same day, he was observed in the 3200 block on Hugo Street where he got out of a car and apparently entered a house. Some time later he emerged in the company of a woman who entered the car which plaintiff had been driving. There she and plaintiff sat for a time. Then the woman got out and plaintiff started to drive away. Plaintiff was then apprehended by police officers maintaining the surveillance and a quantity of marijuana was found in the automobile then being driven by plaintiff. Upon being asked whether he had more at his house, plaintiff said that he had not and that the police ''could look anywhere.'' Plaintiff was then arrested and taken into custody. Subsequently, acting upon plaintiff's statement that the officers could look anywhere, a search of plaintiff's home was conducted and a quantity of marijuana was found in a bedstand drawer in his bedroom. At the police station, officers other than those who had performed the arrest searched the plaintiff and found in and on the clothing of plaintiff what was determined to be more marijuana. These facts were reported to the chief of police who advised plaintiff by letter, as above indicated, that

he was discharged from the police department for illegal possession of marijuana.

Plaintiff's story before the commission was that this woman (apparently the so-called informer) who sat in his car with him "planted" the marijuana there to "frame" him; that the marijuana found in his home was lawfully procured by him because he had worked with other officers on the narcotics detail and that the marijuana found in his clothes when he was searched was placed there as a sample to take home overnight while investigating a case. There was testimony that the chief of police, in April 1953, warned plaintiff of his association with suspicious narcotic addicts since such association might eventually lead to trouble. There is no claim that the purported "informer" had anything to do with his possession of marijuana in his home or on his person. These facts, standing alone, may well have justified the finding of the commission and the trial court.

The trial judge, in a memorandum opinion, recited that petitioner Barr did not contend that the evidence adduced before the civil service commission did not support its decision, and, after reading the record (475 pages) he found the evidence was sufficient. He agreed that the arresting officer should have disclosed the name of the alleged informer, but believed it not prejudicial because the record showed that petitioner knew the name of the informant and he had caused the issuance of 12 subpoenas for her attendance at the three separate trials of petitioner and her name was mentioned many times in the transcript, and it appears that she was, at different times, in Los Angeles, Long Beach, Texas and Las Vegas, Nevada; that it was possible that the witness could not have been produced before the commission, otherwise plaintiff would have called her. He also recites extracts from the record of the hearing affirming the statement of the trial court. The examination of plaintiff by his own counsel there was as follows:

"Q. You believe she was some type of an informant to the Police Department in this matter? A. There is no doubt in my mind that she was the informer.

"Q. That she was what? A. That she was, supposedly, the informer, if there was one."

In the course of the argument made by plaintiff's counsel at the close of the evidence before the commission, he stated, "And I would say this, that we stated who we believe was the confidential informant; we said it was this woman. Now, her

identity, at least as far as we are concerned, has been disclosed, so from that standpoint it is no longer a secret. Secondly, we have evidence, and you have before you evidence, to the effect that we tried to subpoena her for the three criminal trials and that she was not available and could not be served anywhere in California; and our information is that she was and has been since September of 1956 a resident of Nevada.'' The trial judge then stated in his memorandum opinion that ''In addition to the marijuana found in petitioner's car, marijuana was found in his home; and it is not shown that this marijuana was found in consequence of any information obtained from any informant. The point that prejudice resulted from the ruling seems to be an afterthought.''

Specific findings then followed that plaintiff had a full and fair hearing before the commission in accordance with the law and the writ of mandate previously issued; that the commission acted within its proper jurisdiction and did not act arbitrarily and that plaintiff was not prejudiced by the ruling of the commission in reference to the disclosure of the name of the claimed informant because he was, at all times, aware of her identity; that none of the allegations of plaintiff's petition were true and the reason for plaintiff's discharge from the police force was supported by the evidence and justified. Judgment went accordingly and the writ was denied.

Without further recitation of the conflicts appearing therein, an examination of the entire record indicates that the findings and decision made by the civil service commission were supported by substantial evidence as found by the trial court (*Pores* v. *Purity Milk Co.*, 135 Cal.App.2d 305 [287 P.2d 169]; Code Civ. Proc., § 1094.5, subds. (b) and (c)); that plaintiff was not denied a full and fair hearing; that statutory rules of procedure were substantially followed; that the commission did not exceed its jurisdiction; that no prejudice was suffered by plaintiff by refusal to give the name of the informant, where plaintiff was shown to have such knowledge and endeavored to subpoena her at the time of the several trials. (*DeLosa* v. *Superior Court*, 166 Cal.App.2d 1 [332 P.2d 390]; *People* v. *McShann*, 50 Cal.2d 802, *supra*; *People* v. *Lazzara*, 131 Cal.App.2d 663 [281 P.2d 4].) The reason or cause for removal was sufficiently stated in the notice. Sections 23.1203 and 23.1204, San Diego Municipal Code, include as one of the grounds for removal ''Conduct unbecoming an officer.'' Rule 11, section 4 of the civil service rules,

provides that the commission need not be bound by the common law or statutory rules of evidence and procedure. Since the civil service commission is an administrative body, such a provision relating to the manner in which it will conduct its hearings is usual. (California Administrative Code relative to the Public Utilities Commission hearings, title 20, article 16, section 55.)

The fact that plaintiff was acquitted of a charge of possession of marijuana on the day alleged is not determinative of the issue here presented. This same question arose in *Skaggs* v. *Horrall*, 83 Cal.App.2d 424 [188 P.2d 774], quoting from *Kavanaugh* v. *Paull*, 55 R.I. 41 [177 A. 352], where it was said:

"The superior court in trying a man on a charge of violation of the criminal law and the town council . . . in deciding whether the same man is qualified to be the chief of police of the town are separate and independent tribunals moving in distinct spheres and are governed by different considerations and very different rules as to the necessary degree of proof required for a finding by the one tribunal of guilty or not guilty and a finding by the other tribunal of unfitness or fitness. The purpose of the former proceeding is the punishment of crime and of the latter the maintenance of the morale and efficiency of the police force and its good repute in the community. Therefore the fact that a jury has acquitted a man of a criminal charge does not prevent the council from finding such misconduct on his part as in its judgment disqualifies him for the office which he holds, even though the same conduct by him is involved in both cases." To the same effect is *Ludolph* v. *Board of Police Commissioners*, 30 Cal.App.2d 211 [86 P.2d 118].

Judgment affirmed.

Shenard, J., and Shea, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.