SHANNON, Judge.
This is an appeal from the final judgment of the circuit court which quashed an order of the Civil Service Appeals Board of the City of Fort Pierce.
The appellant Kendall, a classified civil service employee, was discharged by the city manager of Fort Pierce. After a hearing the Civil Service Appeals Board of that city rendered a decision which, in effect, suspended Kendall for a period of thirty days, and at the end of that suspension demoted him to a lesser position. The city petitioned for rehearing, which was denied, and thereafter the city sought cer-tiorari in the circuit court below. The circuit court granted the writ of certiorari and quashed the ruling of the Civil Service Appeals Board. Following that, the employee and the Civil Service Appeals Board filed their appeal in this court.
Although some five questions have been submitted to us, the question that is decisive of this appeal turns upon the issue of whether the circuit court below had jurisdiction to hear the petition for certiorari, or whether that petition was submitted to the lower court after the jurisdictional time limit of sixty days had run. The findings of the Civil Service Appeals Board were entered on April 3, 1959; the City of Fort Pierce filed a petition for rehearing which was denied on May 4, 1959; on June 26, 1959, the city filed its petition for certiorari in the circuit court. Stating the question in other words, did the petition for rehearing stay the sixty-day period for the filing of the petition for certiorari? If it did, then the lower court had jurisdiction; otherwise, it did not.
The authorities in the various text books and treatises on municipal law are generally in agreement that a civil service commission, set up by a statute or municipal ordinance, has no authority to accept a petition for rehearing unless in the law setting up the commission, or in the rules of the commission, there is express authority to allow rehearings. In McQuiilin, Municipal Corporations, 3rd Ed. Vol. 4, § 12.-263 the statement on the general law is:
“There would seem to be no inherent power in the tribunal to grant a new trial or rehearing, and it can be granted only where the law so authorizes. However, Illinois decisions denying a right to rehearing in the absence of a rule of the municipal Civil Service Commission authorizing it, would seem to indicate a power in the commission to adopt or formulate such a rule if it *307 so desires. Where a rehearing is authorized by law, application therefor must be timely made. * * * ”
In 62 C.J.S. Municipal Corporations § 690, p. 1376, the following statement is made:
“ * * * The right to seek a rehearing in a proceeding before the commission can arise only through a rule permitting it.”
In § 518 of the same volume it is also stated at page 972:
“ * * * A civil service commission has no inherent power after entering a final order dismissing an officer from the service to entertain a motion for new trial or rehearing and review and set aside its prior order.
The briefs have referred us to certain sections of the charter of the City of Fort Pierce, as well as various rules and regulations of the Civil Service Appeals Board. In none of these do we find any authority for rehearings before the Civil Service Appeals Board. On the contrary, in regard to procedure to be taken before the Civil Service Appeals Board, it is provided in the city’s charter, Section 90(h) of Chapter 57-1331, Laws of Florida 1957, as follows:
“The board shall conduct the hearing at the time set, which hearing shall be public and may adjourn the hearing from time to time upon cause shown or upon its own motion, provided that such adjournment in all shall not extend beyond thirty days from the date of dismissal or fine or demotion or transfer. Both the affected employees and the city manager shall be given full opportunity to be heard in person or with • counsel. The personnel officer shall spread on the official minutes of the board the facts contained in the appeal, the board’s findings, and its decision which shall be final. Such decisions shall be transmitted to the city manager and executed by him.” (Emphasis added.)
There is a considerable body of law in Florida dealing with petitions for rehearing before both the Railroad and Public Utilities Commission and the Florida Industrial Commission. But both of these agencies are empowered to entertain petitions for rehearings, either by rule or by statute. The Civil Service Appeals Board in the instant case is not.
In Redwing Carriers, Inc. v. Carter, Fla.1953, 64 So.2d 557, the Supreme Court in discussing a petition for rehearing before the Railroad and Public Utilities Commission had this to say, at page 559:
“Rule 15 of the Commission, governing procedure in respect to matters before the commission, provides, in part, that ‘Application for reopening a case after final submission, or for rehearing after decision made by the Commission * * * must be applied for within fifteen (15) days after the filing with the Secretary of the judgment or order of the Commission, unless further time is allowed by the Commission. The Commission will consider the petition for rehearing without argument.’ * *
The court then went on to say:
“Under the authority conferred by the legislature to regulate common carriage on the highways of the state, the Florida Railroad and Public Utilities Commission has adopted rules and regulations governing practice and procedure in respect to hearings had before the Commission. Sections 350.12 (l, m) and 350.63, Florida Statutes 1951, F.S.A. It is to these rules and regulations that we must look for the determination as to when the appeal period will begin to run with reference to orders entered in such hearings. The rules and regulations of the Commission contain no requirement that a stay order must be procured in order *308 to toll the operative effect of' the 60-day period provided by section 350.641 (1), Florida Statutes, 1951, F.S.A., for instituting’ certiorari proceedings. In the absence of some such requirement it must be assumed that the general rule obtaining in common law and criminal actions in this state is applicable, and hence that the period within which certiorari proceedings could be instituted in the present case did not begin to run until December 15, 1952, the date upon which the Commission entered its order in the case ‘on rehearing granted.’ ”
See also Central Truck Lines, Inc. v. Boyd, Fla.1958, 106 So.2d 547, and Boyd v. Southeastern Telephone, Fla.App.1958, 105 So.2d 889, certiorari denied Fla., 114 So.2d 1.
Among the many decisions from out of the state which support the general rule noted above, that in the absence of. express authority, a municipal civil service commission may not order a rehearing, are Skaggs v. Plorrall, 1948, 83 Cal.App.2d 424, 188 P.2d 774; Hoertkorn et al. v. Sullivan, 1944, 67 Cal.App.2d 151, 153 P.2d 367; Heap v. City of Los Angeles, 1936, 6 Cal.2d 405, 57 P.2d 1323; In re Kelly, 1938, 169 Misc. 242, 6 N.Y.S.2d 852; Application of Nockelin, Sup.1947, 73 N.Y.S.2d 536; State ex rel. Worsham v. Brown, 1923, 126 Wash. 175, 218 P. 9. But see Mackler v. Camden Board of Education, 1954, 16 N.J. 362, 108 A.2d 854. The policy argument behind these decisions seems to be two-fold, (1) to expedite final determination, and (2) to prevent a change in personnel from altering prior decisions.
In deciding that the Civil Service Appeals Board did not have the power to entertain a petition for rehearing either by statute, municipal ordinance or rule, the time for filing a petition for certiorari in the circuit court must be computed from the date of the Civil Service Appeals Board’s final judgment. Here, that occurred on April 3, 1959. Hence, more than sixty days had elapsed before the city filed its petition for certiorari on June 26, 1959, and as a result, the circuit court below did not acquire jurisdiction.
The order of the lower court must be vacated and set aside.
Reversed.
ALLEN, C. J., and MILLEDGE, STANLEY, Associate Judge, concur.