Clase J. Hoyt, J.
Petitioner brings this article 78 proceeding to review the determination of the respondents in dismissing petitioner from the Police Department of the City of Poughkeepsie. Respondents are the Chief of Police and the Trial Commission of the Police Department of the City of Poughkeepsie.
Petitioner was appointed a permanent member of the Police Department on April 5, 1949, and had served with the department until his suspension on November 20, 1961. Petitioner’s suspension from the police force arose out of an incident which occurred at a tavern in Ulster County on May 19, 1961. Petitioner was charged with conduct not becoming an officer and a gentleman, and conduct subversive of good order and discipline of the Police Department. Formal hearings were conducted by respondents on December 28 and 29, 1961 and January 19, 1962. On the latter date petitioner was found guilty of the charges by the Trial Commission, and dismissed from the Poughkeepsie Police Department. Petitioner rests his case on subdivision 5-a of section 1296 of the Civil Practice Act charging that respondents abused their discretion in imposing the penalty involved in their determination. This court has jurisdiction to entertain this application for no transfer to the Appellate Division is required when proceeding under subdivision 5-a (Matter of Wood v. Kelly, 9 Misc 2d 102). This court is not called upon to review the evidence adduced, or the proof submitted at the hearing, in order to find the reasonableness of respondents’ determination in finding the petitioner guilty of the charge but, rather, to determine whether the penalty or punishment imposed upon petitioner was unreasonable, arbitrary or capricious. Consequently, the court may not concern itself with the preponderance or weight of the evidence for that is a matter for the Appellate Division under subdivisions 6 and 7 of section 1296.
Nevertheless, in order to intelligently rule upon the issue at bar the court is compelled to examine the record to determine the circumstances surrounding the charges brought against petitioner. As previously stated, petitioner, on the night of May 19, 1961, was involved in an altercation at the Cherry Hill *989 Tavern in Ulster County. There did occur a fight or scuffle with another man at the bar. It is not clear to the court whether petitioner was the aggressor or whether he was in an intoxicated condition, however, it is apparent that he was one of the combatants. There followed another fight with the same man outside the tavern from which it appears that petitioner sustained injuries which required his hospitalization. As a result of the incidents of that evening, petitioner was indicted by an Ulster County Grand Jury on a charge of third degree assault. Subsequently on January 16, 1962, the indictment was dismissed by the Ulster County Judge. The charges preferred against petitioner were predicated on the incidents out of which the indictment arose. The dismissal of the indictment against petitioner did not have any bearing upon the disciplinary proceedings (Matter of Berman v. Gillroy, 198 Misc. 369, affd. 278 App. Div. 907, affd. 305 N. Y. 688, cert, denied 347 U. S. 921). The record further reveals that petitioner was reprimanded in 1958 and 1960 for failing to report for assigned duty.
A police officer occupies a unique role in our society. Respondents’ brief contains a quotation of Mr. Arthur Cornelius, Superintendent of the New York State Police, from an address to newly-sworn State troopers which is quite apt: “ You must live as though you are in a glass house for everyone observes your actions wherever you are ”. In Matter of Roge v. Valentine (280 N. Y. 268, 280) Judge Lehman Avrote: “ A police officer is guilty of serious fault when he does an act even without evil intent Avhich tends to destroy confidence in his integrity and honesty.”
Respondents’ determination as to punishment should not be disturbed unless there is an absence of evidence to sustain it (Matter of Weber v. Town of Cheektowaga, 284 N. Y. 377; Matter of Roge v. Valentine, supra).
The test to be used in the application of subdivision 5-a of section 1296 was spelled out in Matter of Stolz v. Board of Regents of Univ. of State of N. Y. (4 A D 2d 361, 364). The statute authorizes the court to set aside a determination “ only if the measure of punishment or discipline imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness”. This test has been followed approAdngly in Matter of Leavitt v. Board of Regents of Univ. of State of N. Y. (9 A D 2d 987) and in Matter of Payton v. New York City Tr. Auth. (8 A D 2d 602). Also, in Matter of Mitthauer v. Patterson (8 N Y 2d 37) the Court of Appeals reaffirmed the rule, but ‘1 AA7ith some hesitation” approved the reduction of the penalty in the case of a ticket seller *990 with the Transit Authority who had over 20 years of service with a good record.
The “ inherent nature ” of petitioner’s relation with his community and of the charges brought against him is sufficient to authorize the measure of discipline imposed (Matter of Stolz v. Board of Regents of Univ. of State of N. Y., supra).
The court cannot in this proceeding, as previously mentioned, question the determination of the respondents as to the guilt of the petitioner. It is believed, however, that a judicial review of the penalty imposed must be exercised with great caution. The respondents have, to a large degree, the responsibility for the maintenance of proper discipline of the members of the police force and their maintenance of a sense of obligation to the positions they hold. These are heavy responsibilities and when it appears, as here, that the respondents acted in good faith, had a reasonable basis for the action taken, it should not and will not be disturbed by this court.
Accordingly, the petition is denied and the proceedings dismissed.