147 So.2d 147 (1962)
The CITY OF MIAMI, a Municipal Corporation of the State of Florida; Walter E. Headley, As Chief of Police, Miami, Florida; M.L. Reese, As City Manager and Director of Public Safety, City of Miami, Florida; Henry W. Korner, Executive Secretary, Civil Service Board, City of Miami, Florida, and A. Forger, Secretary of Miami City Employees' Retirement Board, City of Miami, Florida, Appellants,
v.
Raymond H. KELLUM, Appellee.
No. 61-760.
District Court of Appeal of Florida. Third District.
December 4, 1962.
*149 Robert D. Zahner, City Atty., Charles K. Allan, Asst. City Atty., and Milton M. Ferrell, Special Counsel for City of Miami, Miami, for appellants.
Joseph J. Gersten, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
PEARSON, TILLMAN, Chief Judge.
Raymond H. Kellum, a police sergeant (and, therefore, a civil service employee of the City of Miami) brought a complaint for declaratory decree against the City of Miami and the Civil Service Board. It was prayed that the Court determine his rights under specified sections of the Civil Service Rules and Regulations. In particular, he sought the court to declare (1) that he was entitled to all rights and emoluments of office from the date of his suspension as a police sergeant; and (2) that he be reinstated in the pension fund for the period of his suspension. The court entered a summary declaratory final decree in favor of Kellum and the City has appealed. We affirm in part and reverse in part.
In April of 1956, as a police sergeant in the City of Miami, Raymond H. Kellum successfully passed the examination for promotion to the rank of police lieutenant. He was placed eighth on the eligibility register. Thereafter, on the 26th day of July 1956, the appellee was arrested and subsequently an information was filed charging him on two counts of entering without breaking and grand larceny. That same day Kellum was orally suspended from duty because of the charges. The appellee was convicted on both counts. On October 26, 1956, he was notified by letter that he was suspended without pay, effective July 26, 1956, on the ground that he had been convicted of a crime in violation of specified sections of the Civil Service Rules and Regulations  one section of which involved conduct unbecoming a city employee.
Kellum, through his attorney, appeared before the Civil Service Board on November 13, 1956, and requested a continuance of the hearing on his suspension until his appeal from the conviction in the Criminal Court of Record should be determined.[1]
On August 13, 1957, the Chief of Police submitted a written request to the Civil Service Board for permission to by-pass the name of Raymond Kellum on the police lieutenant eligibility register. It was noted that Kellum was under suspension and not eligible for promotion. The request was granted by the Board, and thereafter on April 28, 1958, he was notified that his name had been removed from the eligibility register because under the Civil Service Rules and Regulations the effective period of the register had expired.
Mr. Kellum's appeal from the judgment and sentence of the Criminal Court of Record was perfected; and on June 24, 1958, *150 this court filed its opinion reversing the trial court and remanding the cause for a new trial. Kellum v. State, Fla.App. 1958, 104 So.2d 99. Thereafter, on July 24th a mandate was issued reversing the conviction and remanding the cause for a new trial. The opinion of this court reveals that the reversal was occasioned by substantial procedural error in the trial. The reversal did not reflect an adjudication of the innocence or guilt of the accused. After the cause was returned to the trial court, the State declined to proceed upon the charge against Officer Kellum.
On October 28, 1958, the appellee, Kellum, appeared before the Civil Service Board with his attorney and requested an early hearing on his suspension. The Board was informed that the appellate court had reversed his conviction and that the State had declined to proceed. The Board then recommended that he be reinstated but that he be denied back pay pursuant to the provisions of the waiver in his motion for continuance entered in the minutes of November 13, 1956.[2] (See footnote [1].)
On February 17, 1959, the appellee again appeared before the Civil Service Board relative to a requirement that Kellum present to them a written statement to include the various factors upon which relief was sought. His attorney represented to the Board that there was at that time pending in the courts another case which involved a similar question as to promotion subsequent to suspension and suggested that action upon Sergeant Kellum's right to promotion to lieutenant be withheld until such case was determined. At this time, however, the Board granted Kellum's request for back pay from the date of his oral suspension, July 26, 1956, to the date of his written suspension, October 26, 1956; and further restored Kellum's seniority from the date of his oral suspension to his return to duty on October 29, 1958. On March 23, 1961, the appellee again requested that the Civil Service Board restore all emoluments of office to him. The Board denied appellee's petition. The instant suit for declaratory decree was instituted by the appellee-officer on the following day.
After the City had filed its answer, the summary declaratory decree appealed was entered. The appellant does not present a point urging that there was a genuine issue of material fact but urges that the chancellor erred as a matter of law. The pertinent part of the decree appealed was as follows:
"It is, thereupon
ORDERED, ADJUDGED and DECREED that the Plaintiff, RAYMOND H. KELLUM, be and he is hereby promoted to the rank of Uniform Police Lieutenant retroactive to August 1, 1957, and that the Defendants be and they are hereby forthwith *151 required to compensate the Plaintiff for the loss of pay as a Uniform Police Lieutenant retroactive to August, 1, 1957, together with interest at six (6%) per cent per annum; and it is further
"ORDERED, ADJUDGED and DECREED that the Plaintiff be compensated for the period of his suspension as a Uniform Police Sergeant from the 26th day of October, 1956, to July 31, 1957, inclusive, together with interest at the rate of six (6%) per cent per annum; and it is further
"ORDERED, ADJUDGED and DECREED that the Defendants and each and all of them shall forthwith do any and all things and take any and all actions which shall be necessary to effect the promotion of the Plaintiff to the rank of Uniform Police Lieutenant with the status of and to treat him as Police Lieutenant of the competitive class of the classified Civil Service of the City of Miami, with all the rights, entitlements, privileges and benefits inuring to him under classified Civil Service as of the above set forth effective date;"
The officer as appellee urges that his agreement to waive his right to salary and other emoluments of office during the pendency of his appeal was void for lack of consideration. The chancellor agreed.[3]
At the time the officer appeared before the Board and requested the postponement, he was subject to an immediate hearing and a determination of his guilt or innocence of the City's charges against him. Presumably, if he were innocent he would have been restored to duty; and, if guilty, he would have been removed. He avoided either result by seeking a continuance which was granted by the Board with the stipulation that Kellum "waive any right to salary and other emoluments of office during pendency of his appeal." Thus, the delay sought was secured, but subsequently appellee attempted to renounce his waiver.
The fact that after the continuance in the matter of Kellum's suspension the State failed to proceed with the criminal case and the Board subsequently reinstated him, does not affect the validity of the stipulation sought and secured. Presumably, the hope that such a sequence of events might occur was one of the reasons he wanted the delay. Therefore, the officer is not entitled to salary or other emoluments of office from the date of the stipulation and waiver, November 13, 1956, to the filing of the mandate from the appellate court, July 24, 1958.
It should be noted at this point that there is no necessary correlation between the outcome of criminal proceedings for alleged misconduct in office and discharge of a police sergeant on the same grounds as included in the criminal charges. Indeed it has been held in situations involving civil service employees that the dismissal of an indictment or the acquittal of criminal charges based upon misconduct in office does not preclude discharge of the employee on the same grounds. Kaplan, The Law of Civil Service 262 (1958); Croghan v. United States, 116 Ct.Cl. 577, 89 F. Supp. 1002, cert. denied, 340 U.S. 854, *152 71 S.Ct. 71, 95 L.Ed. 626 (1950); Kavanaugh v. Paull, 55 R.I. 41, 177 A. 352 (1935); Skaggs v. Horrall, 83 Cal. App.2d 424, 188 P.2d 774 (1948); O'Shea v. Martin, 34 Misc.2d 987, 230 N.Y.S.2d 935 (1962). The courts must necessarily proceed with great care to see that a person is not deprived of any of the many legal rights accorded the accused in a criminal action; however, the following statement is pertinent to the instant situation:
"The superior court in trying a man on a charge of violation of the criminal law and the town council of Bristol in deciding whether the same man is qualified to be the chief of police of the town are separate and independent tribunals moving in distinct spheres and are governed by different considerations and very different rules as to the necessary degree of proof required for a finding by the one tribunal of guilty or not guilty and a finding by the other tribunal of unfitness or fitness. The purpose of the former proceeding is the punishment of crime and of the latter the maintenance of the morale and efficiency of the police force and its good repute in the community. Therefore the fact that a jury has acquitted a man of a criminal charge does not prevent the council from finding such misconduct on his part as in its judgment disqualified him for the office which he holds, even though the same conduct by him is involved in both cases." Kavanaugh v. Paull, 55 R.I. 41, 177 A. 352, 355 (1935).
Therefore, it is not incumbent on a removing official to await the outcome of criminal proceedings.
We turn now to the effect of the waiver on Officer Kellum's claimed right for promotion to the rank of police lieutenant.[4] There is no showing in this record that he was entitled to be considered for promotion prior to November 13, 1956; and it is clear that he waived the right to be considered for promotion during the effective period of the waiver, November 13, 1956, to July 24, 1958, because the right to be considered for promotion is an emolument of office. See McLean v. United States, 226 U.S. 374, 33 S.Ct. 122, 57 L.Ed. (1912). The chancellor, however, found that he was entitled to be promoted on August 1, 1957.[5]
If the record contains a basis for a finding that the officer was entitled to restoration to the eligibility list after July 24, 1958, (a matter distinct from "entitled to be promoted" upon which we do not find it necessary to pass), then he has been guilty of laches in the assertion of the right. The City properly plead the defense of laches in the trial court and the facts conclusively support its application. See Renshaw v. State, 149 Fla. 342, 5 So.2d 700; Ladas v. Titus, Fla. 1951, 53 So.2d 323; State ex rel. Balma v. Evans, Fla.App. 1958, 107 So.2d 620. The officer's appeal from his conviction in the Criminal Court of Record was terminated on July 24, 1958. The instant suit to enforce his claimed right to restoration to the eligibility roster was not instituted until March 24, 1961. *153 The record contains no adequate excuse for such delay. In the interim, new eligibility rosters were legally prepared and sergeants have been promoted to fill the needs of the City for police lieutenants. Under such circumstances the courts will not revamp the promotional schedule to take care of a delinquent claimant to promotion. State ex rel. McCabe v. Police Board, 107 La. 162, 31 So. 662.
Having determined that because of his waiver the appellee was not entitled to back pay as a sergeant from November 13, 1956, to July 24, 1958, we hold that his delay in proceeding upon his claim for promotion bars recovery of back pay as a lieutenant from July 24, 1958. Further we hold that the chancellor erroneously found that the appellee was entitled to promotion to the rank of police lieutenant as of August 1, 1957.
In considering the failure of the appellee to diligently pursue his claimed rights after suspension from duty, it should be noted that it is not in the public interest for a city to be required to pay for services which are not rendered. Even though the courts of this State have often upheld the right of a civil service employee to recover pay lost during an illegal suspension, Bloodworth v. State, 139 Fla. 72, 190 So. 503, such payments should not be indiscriminately made. An employee seeking pay for a period that he did not serve should be required to show that the suspension was illegal and that he diligently pursued his rights at every stage in the proceedings. To hold otherwise penalizes the public and rewards the unworthy. There is, of course, a corresponding duty upon administrative officials charged with carrying out disciplinary actions to promptly and speedily proceed with the prosecution of such actions to their ultimate conclusion so that the public will not have to pay two employees for the same job.
By way of recapitulation: (1) The Civil Service Board awarded Officer Kellum back pay from the date of his oral suspension to October 26, 1956, and restored his seniority from the date of his oral suspension until his return to duty.[6] No question was raised in the circuit court upon this order. (2) The circuit court held that Officer Kellum was entitled to be compensated as a police sergeant from October 26, 1956, to July 31, 1957.[7] This order is affirmed as to the period October 26, 1956, to November 13, 1956. It is reversed for the period November 13, 1956, to July 31, 1957. (3) The circuit court held that Officer Kellum was entitled to be promoted to, and compensated as, a police lieutenant as of August 1, 1957.[8] This order is reversed. Officer *154 Kellum is entitled to be compensated as a police sergeant from July 24, 1958, (the expiration date of the stipulation) to October 29, 1958, (the date of his restoration to duty). Therefore the decree is affirmed in part and reversed in part and the cause remanded for the entry of a decree not in conflict with this opinion.
Affirmed in part and reversed in part.
NOTES
[1] Excerpt from the minutes of the Civil Service Board as of November 13, 1956:

"The BOARD reviewed the copy of a written suspension of Raymond H. Kellum of the Division of Police, effective as of October 26, 1956, by Chief of Police W.E. Headley. They further noted authority from the City Manager had been granted for them to hear this matter. They noted that at their meeting of November 6, 1956 Attorney Harry Willis presented a motion for continuance in the matter of Kellum's suspension until such time as the Supreme Court of Florida had adjudicated Mr. Kellum's appeal from a conviction in the Criminal Court of Record. They therefore voted unanimously to continue the Kellum hearing until after the matter had been finally adjudicated. They noted Mr. Willis' request for continuance had been granted with the stipulation Mr. Kellum waive any right to salary and other emoluments of office during pendency of his appeal."
[2] Excerpt from the minutes of the Civil Service Board as of October 28, 1958:

"Mr. Raymond Kellum appeared before the BOARD with his attorney, Edward Cowart, to request an early hearing on an appeal from his suspension of August 26, 1956. Mr. Cowart reviewed the matter, noting the Civil Service Board on November 13, 1956 to have granted a continuance of the subject hearing until such time as the matter then pending on appeal in court should be finally adjudicated. Mr. Cowart informed the BOARD that this matter was sent back from the Appellate Court to the Criminal Court of Record of Dade County for a new trial and on August 14, 1958 the matter was nolle prossed by the State Attorney. Assistant City Attorney Charles Allan advised the BOARD that by reason of the State Attorney's action in the matter, the charges preferred against Mr. Kellum at the time of his suspension are faulty. He suggested the BOARD'S only action in light of these circumstances should be in the form of a recommendation to the City Manager-Director of Public Safety that Mr. Kellum be reinstated. The Board noted Mr. Kellum at the time of his motion for continuance to have waived any right to salary during the pendency of said appeal and voted by a vote of 4-1, Member Richmond dissenting, to accept Assistant City Attorney Allan's recommendation and to recommend Mr. Kellum's reinstatement with the provisions stipulated above."
[3] From the decree:

"7. That the Defendants seek to demonstrate to the Court that during the period of the Plaintiff's suspension, he agreed to `waive' his rights as a classified Civil Service Employee, to his salary, emoluments of office and benefits; however, the Defendants have failed to carry the burden of affirmatively showing the Plaintiff, during his suspension, had released the Defendants from any obligation to the Plaintiff, but on the contrary, there was no legal consideration in contemplation of law, received by the Plaintiff for the so-called `waiver' by the Plaintiff of any rights, salary, or emoluments of office. Jonas v. The City of West Palm Beach, 76 Fla. 66, 79 So. 438. The Plaintiff has shown he merely postponed the assertion of his rights and the application of his remedy for the protection of his rights during the period of his illegal suspension."
[4] Paragraph numbered XIII of plaintiff's complaint reads as follows:

"That since the date of Plaintiff's suspension, nine police officers have been promoted to the position of Police Lieutenant, notwithstanding the fact that at the time of such suspension, Plaintiff's position on the eligibility list was superior to four of those since promoted, and he was prohibited and prevented from taking an examination as to eligibility with the remaining five; that Plaintiff was then and is now entitled to promotion to the position of Police Lieutenant filled since the date of his suspension."
[5] The decree at paragraph numbered 10 finds:

"10. That the Plaintiff is entitled to be promoted to the rank and office of Uniform Police Lieutenant, effective retroactively from the 1st day of August, 1957, together with back salary, interest at the rate of six (6%) per cent per annum, any and all rights as a classified Civil Service Employee and all the emoluments of office."
[6] The Minutes of the Civil Service Board, February 17, 1959: "Attorney Edward Cowart appeared with his client, Sgt. Ray Kellum, relative to a requirement set up by the BOARD at their last meeting that Mr. Kellum present to them a written statement as to the various factors upon which he sought relief in connection with his request for restoration of emoluments claimed by him to have been lost during his recent suspension. Mr. Cowart submitted that presently a suit is under consideration by the Circuit Court relative to the right of an employee under suspension, and whose name appears on a promotional register, to promotion. He explained that with respect to Sgt. Kellum's right to promotion to Police Lieutenant, he would await the outcome of the aforementioned suit. He then requested BOARD recommendation that Mr. Kellum be granted pay lost from the date of his oral suspension, July 26, 1956, until the date of his written suspension, October 26, 1956, and, further, the restoration of Mr. Kellum's seniority from the date of his oral suspension until his return to duty on October 29, 1958. The BOARD after full consideration, and after receiving assurance of Assistant City Attorney Charles Allan that such action would be proper, voted unanimously to grant the request in these respects."
[7] From the decree:

"11. That the Plaintiff is entitled to be compensated as Uniform Police Sergeant during the period of his suspension from the 26th day of October, 1956, to July 31, 1957, inclusive, together with interest at the rate of six (6%) per cent per annum."
[8] See Footnote [5], supra.