PER CURIAM.
The appellant seeks reversal of an order of the Court of Record of Escambia County, Blanchard, J., dismissing his petition' for writ of certiorari to review the action of the Civil Service Board of said county sustaining the discharge of appellant from his employment as a deputy sheriff.
On April 16, 1961, appellant was suspended from employment as a deputy sheriff and dismissed effective thirty days thereafter. The Civil Service Board of Escambia County, pursuant to a hearing on June 21, 1961, entered an order which contained no findings but which confirmed the suspension and dismissal, reciting that the action taken, “was for just cause.”
On November 1, 1961, more than 60 days-after the Civil Service Board’s order in the premises, appellant petitioned the Court of Record of Escambia County for writ of mandamus to compel said Board to order reinstatement. Pursuant to stipulation of counsel in that cause the court on April 19, 1962, entered an order directing the Civil Service Board to make findings of fact in respect to its order confirming appellant’s suspension and discharge, and on June 15, 1962, the board entered an order the purpose of which was to comply with the court order. It does not appear that any further action was taken in the mandamus proceeding. However, on July 25, 1962, appellant filed in the Court of Record a petition for writ of certiorari to review the Civil Service Board’s said order of June 15, 1962, challenging its validity on sundry grounds, which in view of our conclusion do not require discussion.
Section 59.08, Florida Statutes, F.S. A., and rule 2.17, Florida Rules of Civil-Procedure, 31 F.S.A., require that the petition for writ of certiorari shall be filed with-in 60 days from the entry of the order, decision, judgment or decree sought to be reviewed. This requirement is jurisdictional. Kendall v. City of Ft. Pierce, 125 So.2d 305 *919 (Fla.App.1960); Central Truck Lines, Inc. v. Boyd, 106 So.2d 547 (Fla.1958).
Certiorari is the traditional proceeding by which to obtain review of the orders, judgments and decrees of an inferior tribunal, including an administrative hoard as here involved. While under special circumstances mandamus is available to coerce the performance of a purely ministerial duty by the members of a board or commission, even by a judicial officer in limited areas, it is not the proper method by which to collaterally attack the validity of judicial or quasi-judicial action taken within the scope of authority. Thus it is that while the initial failure of the Civil Service Board here involved to make formal and adequate findings upon which its original order was based might well have constituted the basis for a timely petition for issuance of a writ of certiorari to review such action, that procedural defect does not ordinarily, and cannot in this case, constitute a lawful basis for the issuance of a writ of mandamus designed to nullify the order in question.
The appellant was present and represented by counsel at the hearing before the Civil Service Board. Following the order confirming his suspension and dismissal, he requested a rehearing and upon denial thereof requested reconsideration, which was also denied. He did not file a timely petition for review by certiorari of the order in question. The lower court, sitting as a reviewing court on the question of the issuance of a writ of certiorari to review the findings of the board made pursuant to the invalid order in the mandamus proceeding, correctly held that it could consider only the record made in the lower tribunal in the proceedings resulting in the board’s original order; and referring to rule 2.17, F.R.C.P., further held that the 60-day time limitation fixed by the rule for filing the petition in certiorari is jurisdictional and that it was therefore without authority to review the order entered by the Civil Service Board in June 1961. We concur.
 Appellant contends, however, that the time for filing petition for writ of cer-tiorari herein did not commence to run until June 15, 1962, which is the date the Civil Service Board made findings pursuant to the order in the mandamus proceeding. The contention is without merit' because the proceeding in mandamus was not only filed more than 60 days after entry of the June 1961 order of the Civil Service Board but was also a collateral attack upon the proceedings before the board. Mandamus was not available for that purpose, either as an independent writ or as a substitute for certiorari. It is elemental that the parties to a proceeding cannot confer jurisdiction by stipulation or agreement, hence the purported stipulation in the mandamus proceeding and the court order entered pursuant thereto are nullities. Consequently, the order of the Civil Service Board purporting to comply with said court order has no legal force or effect and cannot serve as a springboard for the writ of certiorari.
The order dismissing the petition for writ of certiorari is affirmed.
CARROLL, DONALD K., C. J., and STURGIS and RAWLS, JJ., concur.