106 So.2d 547 (1958)
CENTRAL TRUCK LINES, Inc., et al., Petitioners,
v.
Alan S. BOYD et al., Respondents.
Supreme Court of Florida.
November 21, 1958.
Dan R. Schwartz, Norman J. Bolinger, and Schwartz, Proctor & Bolinger Jacksonville, for petitioners.
Lewis W. Petteway and Stanley A. Brandimore, Tallahassee, for Florida Railroad and Public Utilities Commission.
D. Fred McMullen (of Ausley, Ausley & McMullen), Tallahassee, and James E. Thomas and Alston, Sibley, Miller, Spann & Shackleford, Atlanta, Ga., for Railway Express Agency, Inc.
DREW, Justice.
The Court has heard oral arguments on the merits of this petition for writ of certiorari. For the reasons hereafter pointed out, however, these proceedings must be dismissed sua sponte for want of jurisdiction.
The jurisdictional question has not been raised in this Court by any of the parties. If the failure to raise the question be considered as a consent of the parties to confer jurisdiction on this Court to entertain and decide the questions here presented, on the merits, such effort is, of course, impotent to accomplish that result. The efficient and orderly administration of justice as well as conservation of judicial labor requires such questions be raised promptly.
December 9, 1957, the Railroad Commission entered its order No. 4108 that Railway Express Agency, Inc., was entitled to a certificate of public convenience and necessity under the provisions of Section 323.26, F.S.A., as a matter of right and without a *548 hearing; such order extended certificate No. 553 theretofore issued to said Railway Express Agency, Inc., so as to authorize in addition to the authority therein contained the operation of an auto transportation company in the common carriage of general commodities, including classes A and B explosives, moving in express service between Panama City, Florida and Apalachicola, Florida, serving Port St. Joe, Florida, as an intermediate point over the route therein set forth. January 31, 1958, this order was amended to correct an inadvertent error in the designation of one of the state highways involved.
June 2, 1958, nearly six months after the entry of the order of the 9th of December, supra, the seven petitioners here filed with the Commission a petition to "reopen the proceedings in the captioned docket, reconsider the matters therein contained * * * and revoke such certificate as has been issued to the applicant." None of the petitioners were alleged to have "entered appearances of record in the proceedings before said commission in which the order sought to be reviewed was made"[1] and so far as we can learn from the limited record before us, none were directly affected by the entry of the order complained of except M.R. & R. Trucking Company.[2] The petition generally recites the entry of the questioned order and contends that the applicant Express Company was not "a railroad company nor any company whose stock is owned by a railroad company" and does not come within the proviso of Section 323.26, Florida Statutes, F.S.A., supra, and was, therefore, not entitled to the issuance of the certificate as a matter of right. The other contention in the petition is that even if the applicant could be determined to come under the proviso in the statute, such certificate should not have been granted without proof of public convenience and necessity as would be required of an independent motor carrier. For these two reasons and because, so it is alleged in the petition, "this matter is of gravest importance to petitioners" the Commission was importuned to "reconsider the matters therein contained * * * and revoke such certificate."
On July 18th, the Railroad Commission entered its order No. 4338 summarily denying the petition and finding it to be without merit.[3]
The subject petition for writ of certiorari was filed in this Court September 15, 1958, within sixty days from the date of the order denying petitioners' petition to reopen, reconsider and revoke but more than eight months after the entry of the order of December 9, 1957, around which this entire controversy revolves. The petition for writ of certiorari specifies as reasons relied on for granting said writ: (1) that respondents departed from the essential requirements of the law in determining that the applicant was entitled to a certificate without a hearing because such applicant was not "a railroad company" nor "any company whose stock is owned by a railroad company" within the contemplation of the statute; (2) that respondents departed from the essential requirements of the law in issuing applicant a certificate without a hearing and proof; (3) that respondents departed from the essential requirements of the law in issuing the applicant any authority as the application was one for extension of a certificate which *549 did not fall within any of the requirements of Section 323.26, F.S.A., and (4) the majority[4] of the respondents departed from the essential requirements of the law in entering order No. 4338, the order filed therein seeking a review and revocation of order No. 4108 (the order of December 9, 1957). Thus it clearly appears from the petition for certiorari that while a review is sought of order No. 4338, the order attacked is that granting the certificate to the Express Company of December 9, 1957, an order granted more than eight months prior to the date the petition for certiorari was filed in this Court. Thus it is that "the order sought to be reviewed"[5] or "the order, decision, judgment or decree appealed from"[6] by whatever name it may be designated is the order of December 9, supra.
The applicable statutes and rules[7] require such petition to be filed within sixty days after the entry of the order appealed from.
If it be conceded, arguendo, that the petition to reopen the proceedings and reconsider the matter was properly filed by these petitioners and that they were authorized to do so and may be said to be a petition for rehearing under the appropriate rule of the Commission,[8] the same was not timely filed as required by decisions of this Court and, therefore, did not operate to stay the time within which certiorari should be taken.[9]
These proceedings are dismissed sua sponte.
TERRELL, C.J., and THOMAS, HOBSON and THORNAL, JJ., concur.
NOTES
[1] This is a requirement of Sec. 350.641, F.S.A., regulating review by certiorari of orders of the Commission.
[2] It is said in respondents' brief that M.R. & R. Trucking Company knew of the issuance of the order of December 9, 1957, "since the result of the issuance of said order and certificate was the discontinuance of the temporary arrangement between applicant and M.R. & R. Trucking Company."
[3] It is stated in the petition for certiorari "Commissioner Carter voted to grant said petition." We find no reference in the record to sustain this allegation.
[4] Ibid Note 3.
[5] Sec. 350.641, F.S.A.
[6] Sec. 59.08, F.S.A. Also see Florida Appellate Rule 4.5, c. (1), 31 F.S.A.
[7] Ibid Notes 5 and 6.
[8] Rule XV of the Commission requires a petition for rehearing to be filed within 15 days after the filing with the secretary of the order of the Commission.
[9] Redwing Carriers v. Carter, Fla., 64 So.2d 557. Cf. Ganzer v. Ganzer, Fla., 84 So.2d 591, as to requirement that motion must be timely filed.