HOBSON, Justice.
Petitioners filed their petition for a writ of certiorari challenging Orders numbered 4020 and 4533 of the respondent Railroad and Public Utilities Commission.
The basic facts of the case are not disputed. On May 7, 1956, Leonard Bros. Transfer & Storage Co., Inc. applied to the Commission for a For Hire Permit. On September 17, 1957, the Commission issued, without notice or hearing, Order 4020. Said order provides:
“By the Commission:
“Leonard Bros. Transfer & Storage Company has applied to this Commission for a For Hire Permit authorizing the transportation of freight, generally, between all points and places in the State of Florida over irregular routes, other than commodities that, because of size, weight, or bulk, require the use of special equipment or special services. The authority sought is limited to casual and non-recurring trips in connection with the carrier’s certificated operations as a heavy hauler.
“The applicant is the holder of Certificate No. 1^52, authorizing what is commonly referred to in transportation and regulatory circles as heavy hauling. It is not the intention of the car *556 rier to engage in the common carriage of general freight or commodities under the requested authority. It is the desire of the carrier to have this' authority so that a complete packaged deal can be given to its customers in the movement of heavy commodities under its present certificate. In many instances, applicant’s customers have some articles commonly classified as general freight or 'commodities that need to be moved along with the heavy commodities authorized under its certificate, or in a separate vehicle. The requested authority will be used only for such transportation where both classes of commodities are carried for the same shipper to the same destination under the same contract of carriage * * * ”
On May 26, 1958 (eight months after the issuance of Order 4020) the petitioners herein filed a petition for investigation and revocation of Order 4020. Leonard Bros, filed a motion to quash said petition. On October 22, 1958, the Commission heard oral argument on the petition. Subsequent to said oral argument the Commission appointed a special examiner who held a pre-hearing conference.
On January 8, 1959, Leonard Bros, filed a motion to dismiss on the authority of Central Truck Lines, Inc. v. Boyd, Fla.1958, 106 So.2d 547.
Upon a consideration of the record the Commission granted, via Order 4533, said motion to dismiss and “reaffirmed” its issuance of the challenged For Hire Permit. The instant petition for writ of certiorari was filed within 60 days of the issuance of Order 4533, but more than 18 months after the entry of Order 4020.
In their petition the Petitioners contend that :
(1) The respondent Commission is prohibited from issuing a For Hire Permit to Leonard Bros, because it is the holder of a certificate of public convenience and necessity;
(2) Since the Commission was in reality expanding Leonard Bros, certificated rights under the guise of issuing a For Hire Permit, it violated essential requirements of the law when it failed to proceed pursuant to § 323.03, F.S.A.[1]
(3) The Commission should have held a public hearing pursuant to § 323.05, F.S. A.[2]
(4) The Commission properly reconsidered Order 4020 and, in making such review, it was not limited by its own rules respecting petitions for rehearing.
(5) The court’s decision in Central Truck Lines, Inc. v. Boyd, supra, does not control the instant case.
 It is manifestly evident that, although the petition for writ of certiorari filed herein challenged Order 4533 as well as Order 4020, its underlying purpose is to secure the quashal of Order 4020 which was issued on September 17, 1957.
This case involves issues similar to those considered in Central Truck Lines, Inc. v. Boyd, 106 So.2d 547, 549, and it may be described as being on “all fours” with that case. In disposing of this case we can do no better than to quote from that portion of the Central Truck Lines case wherein this court said:
“Thus it is that ‘the order sought to be reviewed’ or ‘the order, decision, judgment or decree appealed from, by *557 whatever name it may he designated is the order [of September 17, 1957].
“The applicable statutes and rules require such petition to be filed within sixty days after the entry of the order appealed from.
“If it be conceded, arguendo, that the petition to reopen the proceedings and reconsider the matter was properly filed by these petitioners and that they were authorized to do so and may be said to be a petition for rehearing under the appropriate rule of the Commission, the same was not timely filed as required by decisions of this Court and, therefore, did not operate to stay the time within which certiorari should be taken.” [3]
Thus it is clear that petitioners cannot at this late date by the method adopted herein attack the validity of Order 4020. The petition for certiorari is hereby denied.
THOMAS, C. J.,- and TERRELL, ROBERTS and DREW, JJ., concur.

. § 323.03, F.S.A. governs tlie issuance of certificates of public convenience and necessity to common carriers. This section governs the application and certificate contents, requires notice and hearing, and, outlines the factors to be considered by the Commission in its disposition of applications.

. § 323.05 governs the issuance of For Hire Permits. Subsection (6) provides that For Hire Permits shall be issued as of course without notice of public hearing provided the Commission may hold public hearings on certain aspects of the Permit sought.

.For citations supporting the principles enumerated in tlie above quotation see 106 So.2d 547, 549; footnotes 5-9.