ERVIN, Justice.
This case involves a certiorari review of an order of Respondent Public Service Commission denying an applicant a for-hire permit.
Petitioner Blair Contracting Company applied to the Commission for a for-hire permit to transport concrete slabs, prefabricated concrete piling, pipe, beams, girders, structural steel and other building materials, heavy industrial machinery, transformers, and heavy contractors’ equipment, in certain counties of the state. Petitioner states such transportation under the permit applied for is purely incidental to erection and rigging work to be performed by it under construction contracts or subcontracts it enters into, and that such permit under the language of the application would only authorize transportation of said items to and from various counties over irregular routes as an incidental part of Petitioner’s work as a construction contractor or sub-contractor.
Petitioner is principally engaged in the erection phase of construction work in Jacksonville, Florida, but bids on and enters contracts for similar work in areas in the state outside of a five-mile exempt municipal zone of Jacksonville within which it is permitted by law to transport without permit from the Commission the same commodities it seeks the for-hire permit to *17 transport outside the exempt zone. It made a showing in the hearing that it has adequate transportation equipment to transport such commodities under a for-hire permit. Petitioner submitted testimony that its bids for construction work inside the exempt zone includes actual construction plus transportation of required materials. It contends and submitted supporting testimony that combining the two phases of construction and transportation of required materials in its construction work in all areas would facilitate the scheduling and economical performance of its erection and rigging work under its contracts; and that delays had been experienced by it when transportation was performed by certified common carriers and involved considerable extra expense. Two contracting firm representatives testified the proposed operation under the for-hire permit would aid their organizations. These firms are ones with which Petitioner would be working as a subcontractor.
Protestants to the issuance of the for-hire permit are: Ploof Transfer Company, Inc., Leonard Bros. Transfer, Inc., Leonard Bros. Transfer and Rigging Co., Redwing Carriers, Inc., and Suwannee Transfer, Inc., all certified carriers.
The main thrust of their opposition is that the transportation proposed to be undertaken by Petitioner under the for-hire permit is not in fact for-hire transportation as contemplated by the governing statute, F.S. Section 323.01(9), F.S.A., and the Commission Rule 310-5.06.
Section 323.01(9), F.S., provides that “for-hire” transportation has reference to
“* * * any auto transportation company engaged in the transportation of persons or property over the public highways of this state for compensation, which is not a common carrier or contract carrier but transports such persons or property in single, casual and non-recurring trips.”
Rule 310-5.06 provides a “for-hire” permit “will not be granted when it appears that the transportation involved is common carriage or private contract carriage.”
One of the protestants states:
“The evidence in this proceeding, involving trips by applicant amounting to 30-35 truckloads over a three and one-half-four month period, several hundred truckloads over eight and one-half month period, 100 truckloads over a four week period, and 45 truckloads over a three day period, clearly shows that the proposed transportation would be not single, casual and non-recurring trips, incidental to its construction business, but instead continual, recurring, frequent, multiple, regular and solicited movement.
“This is hardly the single, occasional and non-recurring situation found by this Court to be for-hire carriage in Travis vs. Fry [139 Fla. 522], 190 So. 793, in which Fry, engaged in the business of repairing transformers for Florida Power Corporation, ‘at infrequent intervals * * * (removed) from their base * * * transformers * * * incident to which work it was necessary to carry over the public highways the removed transformers to another substation or to the repair shop of the company.’ (emphasis supplied)”
(Brief of Proof Transfer Company, Inc.)
We disagree with this reasoning of the protestants, and with the reasoning of the Commission to the same effect. Petitioner’s proposed transportation is essentially the same as the transportation involved in Travis v. Fry, 139 Fla. 522, 190 So. 793. In that case Fry had been engaged exclusively for five years in performing certain work on heavy power transformers under separate contracts entered into by him with Florida Power Corporation as particular jobs were required Fry transported the transformers by truck incidental to the performance of his contracts with the Power Company for the removal, relocation or repair of the transformers. Our Court held that in transporting the transformers as an incident to their removal, *18 relocation or repair for the Power Company, Fry became a for-hire carrier, saying:
“* * * jt appears that he [Fry] falls within the broad classification of transporting property ‘for hire’ * * * such transportation of the heavy transformers being an essential part of his contract and for which he was compensated by the Power Company, though no particular part of the contract price was allocated to such transportation. * * * ” (190 So. at 795)
Our Court said, further, such carriage was not that of a private contract carrier:
“This case does not show ‘a continuous or recurring carriage’ under the same contract, each contract being separate and distinct. Hence appellee [Fry] was not a ‘private contract carrier’ * * *. He could only come within the classification of a ‘for hire’ carrier. * * *”
Similarly as in Travis v. Fry, the proposed transportation in the instant case is incidental to the construction contracts calling for erection or rigging work. Each contract is entered into by Petitioner pursuant to bid for a particular erection or rigging job and as such is “separate and distinct.” The carriage under such a contract for a particular job is not continuous or recurring in respect to any other contract or job. We fail to see any substantial difference between the situation in Travis v. Fry and the instant case. Fry, over a period of several years entered into a succession of removal and relocation of heavy power transformer contracts with the Power Company and as a part of his performance thereunder transported the Company’s transformers. Our Court specifically held such transportation was not continuous or recurring because each installation contract was “separate and distinct.”
 In the instant situation the Petitioner’s contract or subcontract for construction work on a particular job is a separate contract to which the transportation of materials is incidentally coupled. Admittedly, there may be more than one trip made by Petitioner in transporting materials to a particular job site as incidentally necessary to the performance and completion of Petitioner’s construction contract. But the making of more than one trip by Petitioner to the job site to perform his construction contract is not the conclusive test prescribed by F.S. Sections 323.01(8) and 323.01(9), F.S.A. A private contract carrier as contemplated by F.S. Sections 323.01(8) and 323.04, F.S.A., has reference to the business of engaging primarily in a continuing and recurring type of transportation for another or others. Such carriage should not be confused with special types of transportation of the kind proposed herein. The transportation sought here is essentially casual and nonrecurring and is confined to the contractor’s operations in performing a separate construction contract on a particular job. It is incidental to its construction work.
Our Court and the Commission have recognized the Legislature intended to draw a broad distinction between the business of engaging in continuous transportation for the public generally or for particular shippers generally, and casual, incidental, irregular and nonrecurring transportation of the special kind here considered. This distinction was clearly recognized by our Court in Travis v. Fry, supra, and in Great Southern Trucking Co. v. Carter, Fla., 113 So.2d 555, and Orlando Transit Co. v. Florida Railroad & Public Utilities Commission, 160 Fla. 795, 37 So.2d 321.
We take judicial notice the Commission itself has given the governing statutes the same construction as has our Court. The Commission on May 11, 1962 issued a for-hire permit to Merle W. Merchant, Inc., of West Palm Beach, Florida,
“* * * authorizing the transportation by motor vehicle of concrete slabs, prefabricated concrete piling, pipe, beams, girders, structural steel and other heavy building materials, heavy industrial ma *19 chinery, transformers and heavy contractors equipment, from, to and between points and placed in Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Brevard, Okeechobee, Glades and Hendry Counties, Florida, over irregular routes, as an incidental part of applicant’s principal business as a building contractor. Such transportation to be purely incidental to work performed in connection to a construction contract entered into by Merle W. Merchant, Inc. to the dismantling and/or installation and /or erection thereof and/or construction work performed by Merle W. Merchant, Inc.”
There are, of course, borderline cases where drawing the line between particular transportation contractual situations under the statutory definitions requires exercise of considerable administrative expertise, but our Court and the Commission in the prior instances cited appear to have concluded that “for-hire” carriage covers the present situation where a contractor as a necessary incident to his construction work contract, transports required materials, tools and equipment for his performance of the construction job. In such situations the transportation has been deemed casual and nonrecurring in character, being restricted to the needs of a particular contractor as incidentally necessary to his construction work on a single job.
It would result in patent and arbitrary abuse of discretion and unfairness if the for-hire permit were denied in this case in view of the cited prior construction of the statutes by our Court and the Commission itself.
The order denying á for-hire permit is quashed with directions that the for-hire permit applied for be issued by the Commission.
It is so ordered.
CALDWELL, C. J., and ROBERTS and THORNAL, JJ., concur.
THOMAS, DREW and ADAMS, JJ., dissent.