**Application of ROBERTS.**

Docket No. 71393-FH. Order No. 9967.

Florida Public Service Commission.

March 27, 1972.

Felix Johnston, Jr., Tallahassee, for the applicant.

John P. Bond, Coral Gables, for Sunshine Mobile Home Movers, Inc., protestant.

John A. Sutton, Orlando, for Transit Homes, Inc. and National Trailer Convoy, protestants.

David B. Ervin, Tallahassee, for Morgan Drive Away of Florida, Inc., protestant.

Chairman JESS YARBOROUGH, Commissioners WILLIAM T. MAYO and WILLIAM H. BEVIS participated in the disposition of this matter.

BY THE COMMISSION.

The examiner's report and recommended order were duly served on all parties. Exceptions to the recommended order and a reply thereto were filed with the commission. Oral argument was heard on the exceptions on February 28, 1972, in the commission hearing room in Tallahassee. The entire record herein, including the application, the testimony adduced at the public hearing, and the exceptions to the recommended order and oral argument thereon has been examined by the commission. After due consideration, the commission now enters its order in this cause.

By this application, Jack G. Roberts seeks the issuance of a for-hire permit authorizing the transportation of sections of sectional type mobile homes and mobile homes from the manufacturer or a dealer's premises to customers' assembly points within a 50 mile radius of Ocala when such transportation is wholly incidental to the applicant's primary business of assembling these sections into one complete unit or the blocking, tie down, electrical or other hook-ups, installing air conditioners, cabanas, or other requirements needed for the complete setup of such mobile homes.

By notice dated October 6, 1971, the above hearing on this application was restricted to a determination of the effect the proposed transportation would have on existing transportation facilities in the area involved. By notice dated November 4, 1971, the restriction contained in the previous notice was removed and it became appropriate for the examiner to receive all evidence which the commission may consider in accordance with §323.05(6), Florida Statutes, and Rule 25-5.06.

Only the applicant testified in support of the application. He has had seven years experience moving and setting up mobile homes. In completing the setup, he assembles the sections, blocks, ties down, connects electricity and plumbing, installs air conditioners, erects cabanas or porches, and, if problems arise, corrects electrical wiring or plumbing defects. He holds a plumber's license in Marion County and previously had equipment leased to protestant Sunshine Mobile Homes, Inc. doing some of the work for which he desires this permit. At present, he is employed by dealers and uses their trucks to move mobile homes to sites outside the exempt zone of Ocala and his own equipment to move them within the exempt zone. Roberts is fully qualified to perform the work for

which he desires this permit.

Applicant relies upon commission order no. 9072 dated August 17, 1970, in which one Crain was granted a for-hire permit, without a public hearing, to perform essentially what Roberts herein seeks to do. In calling no public witnesses to support his application, it would appear he contends that the denial of his application would be a patent and arbitrary abuse of authority after granting the Crain permit (and others) without public hearing. See Blair Contracting Company v. Mason, 211 So.2d 15 (1968).

This application is, however, different in several material aspects. First, as noted above, the commission herein exercised its discretion pursuant to §323.05(6), Florida Statutes, to have questions of the character of the proposed service and public convenience and necessity considered as well as the effect the proposed carriage will have upon existing transportation facilities and transportation as a whole within the area proposed to be served. Second, at the time the Crain permit was granted, most mobile home carriers were not authorized by this commission to perform accessorial services on mobile homes. At the time of this hearing, there existed a commission rule and an approved tariff for such services (order no. 9641). It may also be pointed out that this commission has the power to modify, and indeed it is its duty to modify, pre-existing orders when new evidence is presented which warrants a change. Matthews v. State, 149 So. 648 (1933).

The authority granted by this commission in order no. 9072, dated August 17, 1970, authorized one James Lester Crain to transport "sections of sectional type mobile homes . . . when such transportation is incidental to (Mr. Crain's) primary business of assembling these sections into one complete unit." On the other hand, the applicant herein is seeking authority to transport "sections of sectional type mobile homes *and mobile homes* . . . when such transportation is wholly incidental to the applicant's primary business of assembling these sections into one complete unit *or* the blocking, tie down, electrical or other hookups, installation of air conditioners, cabanas or other requirements . . ." (emphasis supplied). While the two applications appear to be similar they are actually quite distinguishable by the applicant's request for authority to transport single unit mobile homes. Mr. Crain's sole business was the assembling of sections of an incomplete unit into a completed mobile home. As an incident to Mr. Crain's primary business he transported such sections to the point of assembly. However, the commission finds that the grant of this application would place the applicant in a position to justify the transportation of single-unit mobile homes by performing accessorial services such as blocking the home, tieing it down or hooking up the electricity.

In order to be "truly for-hire," the transportation must be shown not to be common or contract carriage. §323.01(9), Florida Statutes. While the transportation of sections of sectional type mobile homes could well be incidental to their assembly and "set up," towing single unit mobile homes to the site where they are to be occupied is usually a more important service than is the set up of these homes. Some only require tie down and/or blocking which is incidental to the transportation rather than the other way. In view of the wide disparity in accessorial services that may be required to be performed on mobile homes at their ultimate destination, it can hardly be said that transportation is incidental to all the services proposed by the applicant herein. In fact, many of these services can be and are performed by common carriers of mobile homes.

Although the application recites that the transportation is incidental to setting up the mobile homes, for the reasons stated above, this is not convincing. In this respect, this case is different from *Blair*, supra, and Travis v. Fry, 100 So. 793 (1939). In the former case, the transportation was incidental to construction. Likewise, in *Travis*, the transportation was a minor part of the work involved under a contract to remove transformers. Additionally, *Travis* was decided under a predecessor statute, §1280, Comp. Gen. Laws, 1927, which provided "for-hire" shall include "all motor driven vehicles . . . in use for transporting persons, commodities or materials for compensation . . ."

Also, as noted above, the commission directed a full hearing in this case as provided in §323.05(6), Florida Statutes. As a result, the applicant herein was required to sustain a much wider burden of proof than was Crain. This he failed to do. Inasmuch as the commission is given this discretion in the statute authorizing the issuance of a for-hire permit, it can hardly be said to be a patent and arbitrary abuse of authority to exercise this discretion herein simply because the same type hearing was not required on Crain's application.

From the foregoing, the commission finds that public convenience and necessity does not require the grant of the application; that the transportation proposed is not "truly for-hire;" and that the permit, if granted, would adversely affect the transportation facilities and transportation as a whole in the area involved.

The commission also finds the protestant's motion to dismiss pursuant to Rule 25-2.97 to be without merit. Accordingly, said motion shall be denied.

It is therefore ordered that the application of Jack G. Roberts for a for-hire permit is denied. It is further ordered that protestant's motion to dismiss made pursuant to Rule 25-2.97 is denied.