DEKLE, Justice.
We have for review by petition for writ of certiorari, the Florida Public Service Commission’s Orders granting a “for hire” permit to a common carrier which it cannot do. Fla.Stat. § 323.01, F.S.A.[1] This Court has jurisdiction under Fla.Const. art. V, § 4(2), F.S.A.
Murty Brothers (an automatic intervenor as the carrier complained against) filed an application before the Public Service Commission (hereafter PSC or Commission) to obtain a for hire permit to transport air freight, including livestock other than ordinary (specifically here applying to race horses) by motor vehicle within a 25-mile radius of the Miami International Airport, in those instances where the livestock is upon a prior or subsequent movement by air on a through bill of lading. PSC granted the for hire permit which does not require a public hearing or notice. Fla.Stat. § 323.05(6); F.S.A. Thereafter, petitioners whose certificates of public convenience and necessity authorize the hauling of similar livestock, filed a formal complaint seeking cancellation of the permit. (Petitioners had theretofore been making the short haul movements of race horses for Murty.) Murty moved to dismiss the complaint and the Commission granted their motion.
Petitioners, who have standing to complain, attack the issuance of the for hire permit on the ground that Murty Brothers’ transportation operations are contrary to the statutory definition of “for hire” as stated in Fla.Stat. § 323.01(9), F.S.A.[2] We must agree with this contention. Murty is a common carrier expressly prohibited by the statute. See also Commission Rule 25-5.06. Issuance of such a permit to a prohibited carrier would be to create a new type of carriage not provided by statute.
Therefore, we must hold under the facts presented here that Murty Brothers is not entitled to a for hire permit. However, this decision does not preclude any otherwise authorized carriage by Murty Brothers under any other procedures which may apply, including a certificate of registration which might authorize transportation of such commodities in the area involved, if it would. It cannot be done, however, in the manner attempted under “for hire.”
Petitioner’s remaining arguments are without merit.
Accordingly, the petition for writ of cer-tiorari is granted; PSC Orders Nos. 9433, 9632 and 9704 are quashed, without preju *161 dice for Murty Brothers to proceed otherwise, if authorized and applicable.
It is so ordered.
ROBERTS, C. J., and CARLTON and McCAIN, JJ., concur.
ERVIN, J., dissents with opinion.

. Fla.Stat. § 323.01, F.S.A. “(9) For hire means any motor carrier engaged in the transportation of persons or property over the public highways of this state for compensation, which is not a common carrier or contract carrier but transports such persons or property in single, casual and nonrecurring trips. For hire carriage shall not be deemed to include charter carriage as herein defined and no for liire carriage of passengers shall be authorized by any permit as herein defined and issued by the commission under the provisions of this part in motor vehicles of a greater passenger-carrying capacity than nine including the driver or chauffeur.” (emphasis ours)

. Id.