275 So.2d 1 (1973)
GREYHOUND LINES, INC., GREYHOUND LINES-EAST DIVISION, Petitioner,
v.
Jess YARBOROUGH et al., Respondents.
No. 42453.
Supreme Court of Florida.
March 7, 1973.
John H. Wilbur, of Milam, Martin & Ade, Jacksonville, for petitioner.
Warren Hope Dawson, Tampa, for Warren Hope Dawson, d/b/a Dawson's Limousine Service.
Prentice P. Pruitt, Chief Staff Counsel and Jerry M. Johns, Staff Counsel, Florida Public Service Commission, Tallahassee, for respondents.
ERVIN, Justice.
We review by writ of certiorari an order of the Public Service Commission granting to Warren Hope Dawson, d/b/a Dawson's *2 Limousine Service, a for-hire permit, as per order quoted in part in footnote[1].
It is the contention of Petitioners-protestants that there is no statutory authority for the Commission to grant the for-hire permit.
We disagree. It is obvious to us that there is ample discretionary authority reposed in the Commission by pertinent statutes to grant the for-hire permit in this case. Reference is made to F.S. Section 323.01(4), Section 323.01(9), Section 323.05, Section 350.12(1)(l) and Section 350.12(1)(m), F.S.A. These statutes by their broad language do not exclude the grant of the special transportation for-hire service authorized by the Commission in its order. The for-hire permit granted does not by its terms conflict with any of the specific limitations either in the definition section, Section 323.01, subsections (4) and (9), or Section 323.05. The Dawson service is not a taxicab operation; it is not a common carrier or contract carrier, or charter carrier. Rather, it is as described in the permit, order, a special transportation service consisting of "single, casual, and nonrecurring trips." Cf. Travis v. Fry, 139 Fla. 522, 190 So. 793; Great Southern Trucking Co. v. Carter, Fla., 113 So.2d 555, and Blair Contracting Company v. Mason, Fla., 211 So.2d 15, text 18.
We reiterate there is no preclusion of this limited special service. Unless there are statutory limitations or restrictions either expressly or clearly implied in the governing statutes upon the Commission's power to discharge its discretionary duties and responsibilities in authorizing public transportation services for compensation, there is no warrant for judicial interference. None appear in the applicable statutes.
We find that the Commission's order accords with the essential requirements of law and is supported by competent substantial evidence. It lay within the *3 statutory authority and discretion of the Commission to determine that the particular limited service which Dawson sought to provide was warranted by the special circumstances.
This Court has often reiterated the principle that a construction of a statute by the administrative body in whom authority to administer is reposed is entitled to great weight and should not be overturned unless clearly contrary to the language of the statute. Furthermore, we conclude government should not intrude to restrict or limit freedom of private enterprise to function in any area unless governing statutes clearly so provide. Compare Tamiami Trail Tours, Inc. v. Mayo, Fla., 234 So.2d 4, text 5, 6, 7.
The writ of certiorari is discharged.
CARLTON, C.J., and ROBERTS, McCAIN and DEKLE, JJ., concur.
NOTES
[1] "The applicant proposes a prestigious VIP type limousine service aimed primarily at the black communities in the four origin counties. He anticipated that most of his business will come from funeral homes, wedding parties, and visiting dignitaries. While catering mainly to the black communities, the applicant would willingly serve any one who requested the service....

"Protestants introduced evidence of their authority to perform the proposed service... . [Mr. Dawson] ... testified that there was a definite need for such a prestigious service... . Protestants Florida Limousine Service, Inc. and Greyhound Lines, Inc. do not offer Cadillac limousine service. A witness for Yellow Cab testified that it would furnish a black or white driver upon request but that there were very few occasions when such choice was requested. The witness ... testified that there was very little request for their service from the black community. This comports with what the applicant himself was saying. The protestants contended that granting the application would have an adverse effect upon existing services. The Commission feels that the effect will be minimal in that the protestants are not now enjoying this patronage. In order to insure that the effect remains minimal, the Commission will limit the authority to two vehicles.
"... It was satisfactorily shown that the transportation is truly for-hire and is, therefore, single, casual and non-recurring.
* * *
"ORDERED ... that the application of Warren Hope Dawson ... be and the same is hereby granted and that For-Hire Permit No. 1800 be issued so as to authorize the transportation of passengers from Hillsborough, Polk, Pinellas, and Pasco Counties to all points in Florida restricted against transportation from Tampa International Airport to Pinellas, Manatee and Sarasota Counties, in vehicles having a passenger capacity of nine or less, including the driver, in single casual and non-recurring trips. It is further
"ORDERED that the applicant be limited to two vehicles in this operation. It is further
"ORDERED that the applicant comply with the Commission's rules and regulations ...
"By Order of ... the Florida Public Service Commission, this 6th day of March, 1972."