PER CURIAM.
By petitions for writ of certiorari, we review the Florida Public Service Commission’s orders denying both a “for-hire” and “common carrier” permit to the petitioner.
F.S. § 323.05, F.S.A., relating to “for-hire” permits, basically limits such transportation to a casual, single and non-recurring basis.
Sub judice, the application for a “for-hire” permit (predicated upon petitioner’s business of warehousing) essentially sought the right for petitioner to transport the items stored in its warehouse to the retailers and/or customers of these goods.
Petitioner’s applications were heard with similar and numerous other applications from different areas of the state. In petitioner’s instance the evidence as a whole clearly established that (1) the “for-hire” permit would involve single, casual and non-recurring events, (2) public convenience and necessity needed it, and (3) no adverse effect would be visited upon transportation facilities as a whole.
Additionally, the record reflects that petitioner’s warehouse customers have a need for such a “for-hire” service, stimulated by such factors as specific time deliveries and tailgating, with foreseeable seasonal fluctuations. Existing facilities apparently have failed to perform from fifteen to twenty percent of the required transportation.
In arriving at ultimate disposition of this cause we are mindful that the word “necessity” in determining public convenience and necessity, has never been construed to mean “absolute necessity” or “indispensable necessity”. Contrariwise, its meaning implies a “reasonable” necessity to meet the needs occasioned by the problem of transportation. Seaboard Air Line *597 Railway v. Wells, 100 Fla. 1027, 130 So. 587 (1930).
Equally important for consideration is the fact that foreseeable seasonal fluctuations requiring transportation are needs which should be anticipated and reasonably provided for by carriers. Louisville & N. R. Co. v. Railroad Commissioners, 63 Fla. 491, 58 So. 543 (1912); Redwing Carriers, Inc. v. Mayo, Fla.1971, 255 So.2d 516.
Likewise, in determining whether to grant a “for-hire” permit, the anticipation of more than one trip being made to fulfill the needs of a customer should not result in a conclusively prohibitory finding. Travis v. Fry, 139 Fla. 522, 190 So. 793 (1939); Blair Contracting Company v. Mason, Fla.1968, 211 So.2d 15; Greyhound Lines, Inc. et al. v. Yarborough, opinion filed March 7, 1973, Fla., 275 So.2d 1; B & G Horse Transportation et al. v. Yarborough, Fla.1972, 261 So.2d 159. Then see Public Service Commission Orders No. 8892, 8901, 8902, 8903 and 8963 granting “for-hire” permits for transportation of warehouse and freight products.
Obviously, there is no absolute preclusion to the type of limited special service sought here and the record supports our conclusion of an abuse of the discretionary duty and responsibility by the Public Service Commission in not authorizing it.
Having fully reviewed the records before us, the petition for writ of certiorari is granted in Case No. 42,867 and the Public Service Commission Orders No. 10225 and 10227 are quashed, with this cause being remanded with directions to grant petitioner’s request for a “for-hire” permit. In Case No. 42,868, involving petitioner’s claim for a common carrier permit, the writ of certiorari is discharged.
It is so ordered.
CARLTON, C. J„ and ERVIN, BOYD, McCAIN and DEKLE, JJ„ concur.