ERVIN, Justice
(dissenting):
I do not wish to belabor this case with a long dissent. I think that fairness and justice would best have been served had both applicants who filed concurrent applications for the freight carriage of general commodities between the City of Orlando and the Florida Panhandle been granted certificates.
I find little justice in the record for favoring only M. R. & R. Trucking Company over Jacksonville Transfer & Storage, Inc.
The chief reason assigned for not making a dual grant was an inconclusive finding that the freight to be transported between the Orlando area and the Panhandle was so small that from the economic standpoint only one carrier should be allowed to transport it.
On its fáce this seems a dubious reason because there was little actual transportation experience, only speculation, to justify the finding since the freight transportation area involved is new territory and the opening up of transportation of general commodities therein, particularly shipping to and from the Atlanta, Georgia area through the Panhandle to and from the *162 Orlando area, portends by its very nature an obvious large increase in trucking transportation.
Aside from this quite apparent potential, it appears there is respectable precedent warranting the initial granting concurrent-'s1 ly to two established carriers equality of "transportation rights, and especially would this precedent seem applicable in a case involving the opening of new shipping territory. Compare Tamiami Trail Tours, Inc. v. Mayo (Fla.1970), 234 So.2d 4, and Tamiami Trail Tours, Inc. v. Railroad Commission (1937), 128 Fla. 25, 174 So. 451.
The hearing examiner agreed the two freight carriers should have been granted concurrent transportation rights. There was evidence strongly supporting this view. I believe the Public Service Commission abused its discretion in this matter when it overruled its examiner. On this record it appears particularly enigmatic why one carrier was favored over the other. More competition and less monopoly lately appears to have been the realistic trend in Commission decisions. This case presents a regrettable and difficult to understand exception.