### Applications of MARCO ISLAND AIRWAYS, Inc., et al.
Docket Nos. 73608-ACC and 73737-ACC, Order No. 11431.
Florida Public Service Commission.
May 14, 1974.

Richard P. Kenney, Miami, for Marco Island Airways, Inc., applicant in Docket No. 73608-ACC, and protestant in Docket No. 73737-ACC.

Lee L. Willis, II, Tallahassee, for Florida Airlines, Inc., applicant in Docket No. 73737, and protestant in Docket No. 73608-ACC.

Richard J. McCrory, St. Petersburg, for Air Florida Airlines, protestant in Docket No. 73737.

Chairman WILLIAM H. BEVIS, Commissioners WILLIAM T. MAYO and PAULA F. HAWKINS participated in the disposition of these matters.

BY THE COMMISSION.

Pursuant to notice, the commission by its chief hearing examiner, H. E. Smithers, held public hearings on these matters on December

11, 1973 at Miami; on January 18 and 29 at Tallahassee; on January 30 at Ocala; and on January 31, 1974 at Fort Myers.

Marco Island Airways, Inc., (MIA), by its application in Docket No. 73608-ACC, seeks to extend its Certificate No. 4-ACC so as to authorize Class 3 air service on the following routes —

- Miami - Ft. Myers
- Miami - Marco Island - Ft. Myers

Presently, MIA is authorized to serve the following route —

- Miami - Marco Island

Florida Airlines, Inc., (FAL), by its application in Docket No. 73737-ACC, seeks to extend its Certificate No. 3-ACC so as to authorize Class 3 air service on the following routes —

- Jacksonville - Tallahassee
- Gainesville - Tallahassee
- Gainesville - Miami
- Tampa - Sarasota - Ft. Myers - Miami
- Gainesville - Sarasota

Presently, FAL is authorized to serve the following routes —

- Jacksonville - Gainesville - Ocala - Tampa
- Tampa - Punta Gorda - Ft. Myers

Both applicants agreed to the consolidation of the two applications. (R 17, Docket No. 73737-ACC).

Both applicants are equally qualified to provide the proposed service. Both carriers meet all the requirements contemplated by §§330.49(6) (a-f), Florida Statutes. Marco Island Airways, a subsidiary of the Deltona Corporation, was established about six months ago to provide air service for Deltona's Marco Island development. The alleged purpose of the application is to serve that development with passengers now terminating by air at Ft. Myers. The Miami - Ft. Myers route is sought basically for positioning of aircraft.

Florida Airlines, having operated for over ten years, is the oldest commuter airline in Florida. It contends that it can provide the proposed service without much additional expense by obtaining better utilization of its fleet of aircraft.

Air Florida Airlines (AF) presented a limited protest. Basically, AF protests FAL's application with respect to the Tampa - Miami route. (AF is currently operating over this route.) But since Florida Airlines is not proposing direct service between Miami and Tampa, and because the fare charged by these two carriers be-

tween Miami and Tampa is not competitive, Air Florida's protest is without merit. Also, Florida Airlines and Marco Island Airways each protested each other's application with respect to the Ft. Myers - Miami route. But since we find that both of these applicants are equally capable to provide this service (See discussion *supra*), and since there is a definite need for this service (See discussion *infra*), we feel compelled to grant this route to both carriers on the basis of Tamiami Trail Tours, Inc. v. Mayo, 234 So.2d 4 (Fla. 1970).

In support of its application, Florida Airlines presented eight witnesses at Tallahassee, fifteen at Ocala and seventeen at Ft. Myers. Additionally, the testimony of a representative of Jacksonville's aviation committee of the chamber of commerce was reecived. (Ex. 12, Docket No. 73737-ACC).

As an example of the evidence presented, Dr. Gerald L. Schibler testified as to the need for air service between Gainesville and Tallahassee. Pursuant to his occupation, he is required to travel this route approximately twice a week. Currently, the only way to travel between these two cities is by car or bus. Sheriff Don Moreland of Marion County testified as to a similar need for air transportation beteen Ocala and Tallahassee. Margaret Ferriss, owner and manager of a travel agency in Gainesville testified as to the lack of available transportation between Gainesville and Miami. She also testified as to the great demand for such service.

Mr. Schroeder and Mr. Wallace of the Ft. Myers-Lee County chamber of commerce testified as to the need for additional air service to and from the Ft. Myers area, in support of both applicants. National Airlines is currently the only carrier providing service between Miami and Ft. Myers. The service offered by this carrier is at inconvenient times for travel to Miami for making connections in Miami for flights to the Midwest and Northeast.

The record contains hundreds of pages of testimony with respect to the need for the proposed air service and the ability of the applicants to provide such service. Such testimony is far too voluminous to reproduce here any further than that already done. It is sufficient to say that, on the basis of the testimony received by the commission, the proposed service is needed and would be used. The evidence presented supports the matters required to be considered by the commission under §§330.49(6) (f-i), Florida Statutes.

The commission, therefore, finds from the foregoing that each of the applicants possesses sufficient business experience in the field of air operations; possesses sufficient financial stability for such operation; has available the normal insurance coverage; the air-

craft proposed to be used are adequate and functional; the proposed routes and schedules are needed and desirable; that each of these air carriers will provide economical and adequate service to the communities involved; and that there is a need for such service and it will not adversely affect any regional or statewide transportation plan.

It is therefore ordered that the application of Marco Island Airways, Inc., Hangar 102, Opa Locka Airport, Opa Locka, Florida 33054, for extension of its Certificate No. 4-ACC be and the same is hereby granted so as to authorize Class 3 air service on the following routes —

• Miami - Ft. Myers
• Miami - Marco Island - Ft. Myers

Said authority to be conditioned upon its complance with the following conditions.

It is further ordered that the application of Florida Airlines, Inc., P. O. Box 15581, Hilldale Station, Tampa, Florida 33614, for extension of its Certificate No. 3-ACC be and the same is hereby granted so as to authorize Class 3 air service on the following routes —

• Jacksonville - Tallahassee
• Gainesville - Tallahassee
• Gainesville - Miami
• Tampa - Sarasota - Ft. Myers - Miami
  (Said authority permitted to be tacked).

Said authority to be conditioned upon compliance with the following conditions.

It is further ordered that as a condition precedent to the issuance of either of the above extensions of authority, the said applicants shall file with this commission evidence of Federal Aviation Administration certification.

It is further ordered that the applicants commence operating fully their authority as granted herein within ninety days from the date of this order; otherwise, the grant of authority shall be null and void.

By order of Chairman WILLIAM H. BEVIS, Commissioner WILLIAM T. MAYO and Commissioner PAULA F. HAWKINS, as and constituting the Florida Public Service Commission, this 14th day of May, 1974.

*William B. DeMilly*
Administrative Secretary