PER CURIAM.
Davis, the appellant, filed a claim under Chapter 960, Florida Statutes (1979), seeking compensation for injuries he received in his capacity as a pedestrian when struck by an automobile driven by a “hit and run” motorist. The deputy commissioner denied the appellant’s claim, finding that the “hit and run” incident alone without proof of intent to inflict injury is insufficient to constitute a “crime” for the purposes of Chapter 960.03(3); Florida Statutes (1979). We approve the deputy’s interpretation of the statute and accordingly affirm his order.
Davis concedes that there was no evidence that the hit and run driver intentionally struck him with his automobile; however he maintains that the driver’s act was a “crime” within the meaning of Section 960.03(3), inasmuch as the record establishes that the driver intentionally fled from the accident and by doing so presumably intended to inflict greater injury on the claimant. This argument is without merit. Section 960.03(3) provides in material part:
[N]o act involving the operation of a motor vehicle, boat or aircraft which results in injury or death shall constitute a crime for the purpose of this chapter unless the injury or death was intentionally inflicted through the use of such vehicle, boat, or aircraft, or unless such vehicle, boat, or aircraft is an implement of a crime to which this act applies, (e.s.)
Therefore, we agree that the above-quoted statute applies only to overt acts of a driver while using his automobile, and not to any subsequent intentional omission of the driver to render aid to another.
We agree also with the deputy’s finding that the automobile of the hit and run driver is not an “implement of a crime” because a “hit and run” violation is not “a crime to which [Chapter 960] applies.” Finally, inasmuch as the deputy has construed a statute in an area within his special expertise, his interpretation' will be accepted as correct by this court as the appellant has not shown it to be clearly erroneous. See Greyhound Lines, Inc. v. Yarborough, 275 So.2d 1 (Fla. 1973).
AFFIRMED.
ERVIN, WENTWORTH and JOANOS, JJ., concur.