PER CURIAM.
Appellant, Raymond L. Medlin, appeals an order denying his claim for compensation under the Florida Crimes Compensation Act, chapter 960, Florida Statutes (1983). We affirm.
On February 19, 1984, appellant suffered personal injuries when he was struck by an automobile while riding a bicycle. The driver of the automobile did not stop to investigate or to render assistance to appellant, but instead left the scene and was never identified. There was no evidence that the driver had intentionally struck the appellant with his automobile.
After the Bureau of Crimes Compensation denied appellant’s claim for compensation, the claimant requested a hearing pursuant to section 960.09(3), Florida Statutes (1983). The deputy commissioner also denied appellant’s claim, and this appeal timely followed.
This appeal is controlled by that portion of section 960.03(3), Florida Statutes (1983), which provides that:
[N]o act involving the operation of a motor vehicle, boat, or aircraft which results in injury or death shall constitute a crime for the purpose of this chapter unless the injury or death was intentionally inflicted through the use of such vehicle, boat, or aircraft, or unless such vehicle, boat, or aircraft is an implement of a crime to which this act applies.
In Davis v. Bureau of Crimes Compensation, 406 So.2d 1189 (Fla. 1st DCA 1981), our sister court held that a hit and run accident alone, without proof of intent to inflict injury, is insufficient to constitute a crime under section 960.03(3). The court held that the statute applies only to overt acts of a driver while using his automobile, and not to any subsequent intentional omission of the driver to stop and render assistance to another. The court in Davis also found that the automobile of a hit and run driver is not an “implement of a crime” because a hit and run violation is not a crime to which chapter 960 applies. We agree with the holding in Davis and accordingly affirm.
AFFIRMED.
RYDER, C.J., and CAMPBELL and SCHOONOVER, JJ„ concur.