GRIFFIN, Judge,
concurring specially.
At issue in this case is the question whether an ambulance dealer is a motor vehicle dealer for purposes of 320.60-70, Florida Statutes (1993). In order to answer this question, it is necessary to determine whether an ambulance is a motor vehicle. “Motor vehicle” is defined for purposes of section 320.60-.70 in section 320.60(10) as “any new automobile, motorcycle or truck....” The hearing officer concluded that an ambulance cannot be an automobile because Webster’s New World Dictionary defines “automobile” as “a passenger car.” He concluded an ambulance cannot be a “truck” because of a definition of truck found elsewhere in Chapter 320.
(9) “Truck” means any motor vehicle with a net vehicle weight of 5,000 pounds or less and which is designed or used principally for the carriage of goods and includes a motor vehicle to which has been added a cabinet box, a platform, a rack, or other equipment for the purpose of carrying goods other than the personal effects of the passengers.
§ 320.01(9), Florida Statutes (1993).
The Department adopted the hearing officer’s order as its own. It is somewhat surprising that the generic term “truck” as used in section 320.60-70 is as narrow as the definition in section 320.01(9), but if the De *665 partment of Highway Safety and Motor Vehicles has concluded that an ambulance is not a motor vehicle, we are in no position to gainsay that construction. Greyhound Lines, Inc. v. Yarborough, 275 So.2d 1, 3 (Fla.1973).